## Richmond.

### ALFONSO BROOKS V. TOWN OF POTOMAC.

January 19, 1928.

Absent, Burks, J.

1. CONSTITUTIONAL LAW—*Mayor's Court—Pecuniary Interest of Mayor in Conviction of Defendant—Right of Appeal to Circuit Court—Case at Bar.*—In the instant case the appellant was convicted of speeding, under a town ordinance adopting "the uniform act regulating the operation of vehicles on highways" of 1926, in the mayor's court of the town.   An appeal as of right was taken to the circuit court of the county, where the case was tried *de novo.*   Defendant moved that he be dismissed because the mayor of the town was disqualified under the fifth and fourteenth amendments to the Constitution of the United States to try the case, by reason of pecuniary interest in convicting the defendant, and because he occupied two inconsistent positions, one partisan and the other judicial.   The town demurred to the motion, and the court sustained the demurrer and affirmed the judgment of the mayor's court.

   *Held:* No error, as by the simple procedure of appealing to the circuit court the defendant annulled the judgment of the mayor as completely and effectively as if it had never been rendered.

2. CONSTITUTIONAL LAW—*Right of Trial by Jury—Inferior Court—Jury Secured on Appeal.*—The right to a trial by jury is a sacred right, and one secured by the guarantees of the Constitution.   The fact that the party is not able to obtain it in the inferior court is not a deprivation of the right of trial by jury, if provision is made whereby it can be secured upon an appeal by a reasonable, simple procedure.

3. MAYOR'S COURT—*Judgment—Right of Appeal to Circuit Court—Presumption in Favor of Judgment of Mayor.*—Under section 3011 of the Code of 1919, mayors of towns are clothed with the authority of justices in civil and criminal matters within the town, with a right of appeal to the circuit court in all cases.   The judgment of the mayor is voidable and not void.   It is presumed to be valid, until annulled according to law.   The statute authorizes the defendant to annul it by an appeal to the circuit court.   The circuit court is not required to pass upon alleged errors in the rulings of the mayor's court, but to simply try the case *de novo* upon its merits, with or without a

jury, as the defendant may elect.  And it cannot be said that the defendant has been denied due process of law, or that any of his rights have been violated, notwithstanding the pecuniary interest of the mayor, under sections 3504 and 3507 of the Code of 1919, in the conviction of defendant.

Error to a judgment of the Circuit Court of Arlington county.

*Affirmed.*

The opinion states the case.

*Chas. C. Collins* and *Emery N. Hosmer*, for the plaintiff in error.

*William .C. Gloth* and *Walter U. Varney*, for the defendant in error.

West, J., delivered the opinion of the court.

This is a prosecution by the town of Potomac against Alfonso Brooks for unlawfully operating a "motor vehicle in a reckless manner (speeding) in violation of an ordinance of the town."  The warrant was issued and the case tried by William Kleysteuber, mayor of the town of Potomac.

[1] Alfonso Brooks, hereinafter called defendant, was found guilty and adjudged to pay a fine of $10.00 and $10.00 costs.  From this judgment an appeal of right was taken to the Circuit Court of Arlington county, where the case was tried *de novo.*  Neither side demanding a jury, all matters of law and fact were submitted to the judge of the court for his decision.  The defendant moved the court, in writing, that he be dismissed because William Kleysteuber, mayor of the town of Potomac, was disqualified under the fifth and fourteenth amendments to the Constitution of the United

States to try the case, by reason of pecuniary interest in convicting the defendant, and because he occupies two inconsistent positions, one partisan and the other judicial. The town of Potomac demurred to the motion, and the court having heard the evidence sustained the demurrer and affirmed the judgment of the mayor's court. To that judgment this writ of error was awarded.

It is not contested that, under the evidence, the defendant is guilty of unlawful speeding, as charged in the warrant.

The assignments of error involve the one question: Do the statutes of Virginia and the ordinances of the town of Potomac, Virginia, in providing for the trial by the mayor of a person accused of violating an ordinance of the town deprive the defendant of due process of law and violate the fourteenth amendment to the Federal Constitution, on account of the monetary or other interest which the statutes and ordinances give him in the result of the trial?

The town of Potomac was incorporated by an act of the General Assembly of Virginia, approved March 13, 1928 (Acts 1908, c. 273). Section 10 of the act provides as follows: "In addition to the powers named hereinbefore, the said town and its officers shall have all the powers and privileges and be subject to all the restrictions provided by the general laws of this Commonwealth for the government of towns and the powers of the officers of towns."

Code of Virginia 1924, section 3011, provides that "the mayors of towns shall be clothed with all the powers and authority of a justice in civil and criminal matters within such town, and shall also have power to try all prosecutions, cases and controversies which may arise under the by-laws and ordinances of the town; and

to inflict such punishments as are provided by law, with a right of appeal to the circuit court, in all cases * * *."

Code 1924, section 3504, reads, in part, as follows: "Fees prescribed by law for services of attorneys for the Commonwealth, clerks of courts and justices of the peace and fees and mileage prescribed by law for sheriffs, deputy sheriffs * * * in all cases of *felony*, and in every prosecution for a *misdemeanor*, if not paid by the prosecutor, or in cases of conviction, by the defendant, and in cases where there is no prosecutor and the defendant shall be acquitted, or convicted and unable to pay, the costs shall be paid out of the State treasury, unless now or hereinafter otherwise provided by law, when certified as prescribed ° * * *, subject, however, to the following restrictions and limitations: One-half the fee prescribed by law to the officers heretofore mentioned, except the attorney for the Commonwealth and clerk of the court who shall have the full fee; * * *." (Italics ours.)

Under Code, 1924, section 3507, the fees of justices of the peace in counties and towns are, for issuing warrant of arrest, one dollar; for trying or examining a case of misdemeanor, two dollars; for examining a charge of felony, two dollars.

The act of the General Assembly of Virginia, approved March 25, 1926 (Acts 1926, c. 474), known as "the uniform act regulating the operation of vehicles on highways," was, on August 16, 1926, adopted by the council of the town of Potomac as an ordinance of the town. Under section 67 of this act the penalty for reckless driving is fixed, for the first offense, at a fine of not less than $10.00 nor more than $100.00.

Section 3, chapter 10, Ordinances of the Town of Potomac, provides: "The *mayor* and town sergeant

shall receive the same fees in prosecutions of violations of town ordinances and other offenses over which said officers may exercise jurisdiction, as are allowed to constables and justices of the peace by law in like cases."

This is a writ of error to the judgment of the circuit court and not to the judgment of the mayor's court. No assignment of error or bill of exception was necessary to get the case into the circuit court; and the record does not show any ruling by the mayor except his judgment against the defendant, nor that any evidence was introduced before him except for the town. The statute gave the defendant an appeal of right to the circuit court, and by exercising that right he set at naught the judgment of the mayor as completely and effectively as if it had never been rendered. Under the statute, the mayor could enter no judgment against him which would ever become final, without his acquiescence or consent. He might have declined to take any part in the trial before the mayor, and in the event that the judgment was against him, taken an appeal to the circuit court, as he did do, where his case was tried *de novo*. He was presumed to be innocent, and was entitled to the benefit of every right and guarantee which would have been his had his case originated in the circuit court. He waived his right to a trial by jury, and submitted his case to a fair and impartial judge, who had no interest in the result of the trial, for his decision and judgment.

In *Brown* v. *Epps*, 91 Va. 726, 21 S. E. 119, 27 L. R. A. 676, the court was called upon to construe sections 4106, 4107 and 4108 of the Virginia Code of 1887. Section 4106, as amended by act approved February 23, 1894 (Acts 1893-94, c. 369), gave justices of the peace and police justices concurrent jurisdiction with the county and corporation courts in certain

criminal cases.  Sections 4107 and 4108 gave the person convicted the right of appeal from the decision of the justice to the county or corporation court.  Article I, section 8, of the Constitution of Virginia provides "that a man hath a right to a speedy trial by an impartial jury of his vicinage, without whose unanimous consent he cannot be found guilty."  Brown was convicted of petit larceny in the police court of the city of Richmond, and sentenced to jail for fifteen days.  He did not take an appeal from that judgment, but filed a petition for a writ of habeas corpus charging that he had been denied his constitutional right to trial by jury and was illegally detained in jail.  In the course of his opinion, Judge Keith, speaking for the court, at page 731 (21 S. E. 120), said:  "* * a statute which confers jurisdiction upon a justice of the peace to try such offenses as are embraced in section 4106 of the Code is constitutional, provided by a simple procedure a trial by a jury can be had on appeal to a higher court.  Amer. and Eng. Enc. of Law, Vol. 3, page 731, and Vol. 4, pages 812 and 813.  The law is so stated in Bishop on Criminal Procedure, section 893; Sedgwick on Construction of Statutes, 497."

Further, at page 737 (21 S. E. 122), Judge Keith says: "* * the proceeding against them before the justice was in the nature of the jurisdiction exercised by an examining court, unless acquiesced in by them, and it was merely a preliminary, and not an unreasonably dilatory preliminary, to the final trial by jury to which the prisoner had a free and unfettered right, with every guarantee and protection thrown around him to enable him to submit his case to an impartial jury of his country; that in its essence the judgment of the justice rested upon the implied assent of the accused, because one word of objection upon his part annulled

the judgment rendered and transferred the controversy to another forum, and I have been constrained to the conclusion that this statute in no wise denied or abridged the constitutional rights of the citizen. If this effect is to be attributed to the failure upon the part of the prisoner to make objection to the exercise of the jurisdiction by the justice by appealing therefrom, *a fortiori* would his express election to be tried by the justice have that effect. That a prisoner may waive many of his constitutional rights is beyond a doubt."

[2] In Am. and Eng. Ency. Law, Vol. IV, page 812, we find this: "The right to a trial by jury is a sacred right, and one secured by the guarantees of the Constitution. The fact that the party is not able to obtain it in the inferior court is not a deprivation of the right of trial by jury, if provision is made whereby it can be secured upon an appeal by a reasonable, simple procedure."

In *Henry Jones* v. *Charles Robbins*, 8 Gray (Mass.) 329, the court held: "A statute which authorizes a single justice to try and pass sentence in a criminal case, but gives the defendant an unqualified and unfettered right of appeal, and a trial by jury in the appellate court, subject only to the requirement of giving bail for his appearance there, or in default of such bail being committed to jail, is not unconstitutional as impairing the right of trial by jury."

Bishop's New Criminal Procedure, Vol. 1, page 518, states the law thus: "A statute may constitutionally direct a trial without a jury, adding that any convicted defendant may appeal unobstructedly to a court proceeding *de novo* by jury."

[3] It must be admitted that the procedure in the instant case is simple enough. If he was not satisfied with the decision of the mayor and desired to be relieved

of his judgment and secure a trial before an impartial and disinterested judge, his action in appealing the case to the circuit court was all that was necessary. The judgment of the mayor was voidable and not void. It was presumed to be valid, until annulled according to law. The statute authorized the defendant to annul it by an appeal to the circuit court.

Mr. Chief Justice Taft, in *Tumey* v. *Ohio*, 273 U. S. 510, 47 S. Ct. 437, 71 L. Ed. 749, 50 A. L. R. 1243, decided March 7, 1927, after stating that there was no case in England prior to the separation of the colonies from the mother country showing a practice that inferior judicial officers were dependent upon the conviction of the defendant for receiving their compensation, said: "Indeed, in analogous cases it is very clear that the slightest pecuniary interest of any officer, judicial or quasi judicial, in the resolving of the subject matter which he was to decide rendered the decision *voidable*." (Italics ours.)   Citing many cases.

The circuit court was not required to pass upon alleged errors in the rulings of the mayor's court, but to simply try the case *de novo* upon its merits, with or without a jury, as the defendant might elect. The judge of the circuit court being fair and impartial, and without any interest in the result of the trial, his judgment is valid and binding upon the parties. Under these circumstances, it cannot be said that the defendant has been denied due process of law, or that any of his rights under the Constitution of the United States has been violated.

Defendant, plaintiff in error, to sustain his contention relies upon the opinion of the Supreme Court of the United States in *Tumey* v. *State of Ohio, supra*. In our view, the instant case is easily distinguished from the *Tumey Case*. Tumey was tried by Mayor Pugh,

of the town of North College Hill, in Hamilton county, Ohio, for unlawfully possessing intoxicating liquor outside of the town in Hamilton county, and fined $100.00 and ordered to be imprisoned until the fine and costs were paid. The mayor was acting under the State prohibition law and ordinance No. 125 of the town of North College Hill, adopted in pursuance thereof. The mayor's fee in case of a conviction was $12.00, and in the case of an acquittal he received no compensation. His jurisdiction extended to all violations of the penal laws through Hamilton county, which, including the city of Cincinnati, contains a population of over 1,000,000 inhabitants. The fee of the mayor of Potomac in case of a conviction was $3.00, and in the event of an acquittal $1.50. Under section 6212-18 of the Ohio General Code, any mayor, and certain other judicial officers mentioned therein, with whom an affidavit is filed charging a violation of any of the provisions of the prohibition law, are given final jurisdiction to try such cases upon such affidavits without a jury, unless imprisonment is a part of the penalty. In case of a conviction defendant may file a bill of exceptions and apply to the court of common pleas of the county for a writ of error. The appellate court can only set aside the judgment because of errors of law or where "it is so clearly unsupported by the weight of the evidence as to indicate some misapprehension or mistake or bias on the part of the trial court, or a wilful disregard of duties."

Under the general laws of Ohio, section 6212-19, "money arising from fines and forfeited bonds shall be paid one-half into the State treasury * * one-half to the treasury of the township, municipality or county where the prosecution is held, according as to whether the officer hearing the case is a township, municipality or county officer."

Under the law in the instant case, the jurisdiction of the mayor extends to the violation of the criminal laws, of the State, except in certain prohibition cases, only within the corporate limits of the town and for one mile beyond. See Va. Code 1924, sections 3006 and 4675 (34). The number of cases tried and the amount of fines imposed by the mayor of the town of Potomac under State law is much smaller than the number of cases tried and amount of fines imposed by the mayor of the town of North College Hill, Ohio, for violations of State laws. The town of Potomac receives no part of the fines imposed for violations of State laws, while, as appears above, the town of North College Hill receives one-half of such fines imposed by the mayor.

In the course of his opinion, at page 532, Chief Justice Taft, in giving his reasons why Tumey was denied due process of law, says: "The inducement is offered of dividing between the State and the village the large fines provided by the law for its violations. The trial is to be had before a mayor without a jury, without opportunity for retrial, and with a review confined to questions of law presented by bills of exceptions, with no opportunity by the reviewing court to set aside the judgment on the weighing of evidence, unless it should appear as to indicate mistake, bias, or wilful disregard of duty by the trial court."

As already appears, none of these conditions existed in the instant case. Brooks was granted an appeal to the circuit court, for the asking, where, after waiving a trial by jury, his case was reheard *de novo*, by an unbiased and disinterested judge, who weighed the evidence and applied the law to the facts, and rendered a decision in accordance therewith.

The *Tumey Case* is not controlling here.

This case is not free from difficulties, but after a

painstaking consideration, we are convinced that the defendant, Alfonso Brooks, has not been denied due process of law nor had any of his constitutional rights violated.

We think the Virginia statute, section 3504 of the Code, should be so amended that the justices, police justices and mayors of towns will receive in all cases charging a violation of a town or city ordinance, or State law, the same fees, where the defendant is acquitted that they receive where he is convicted.   We respectfully refer this suggestion to the General Assembly of Virginia for such action as they may deem wise in the premises.

The judgment will be affirmed.

*Affirmed.*