This is a suit in which plaintiff secured the issuance of a restraining order and sought an injunction permanently restraining the defendant, W. McF. Long, Sheriff of East Carroll Parish, and the defendant, John Ellis Green, a judgment creditor of plaintiff, from selling, advertising for sale or attempting to sell an automobile belonging to plaintiff which had been seized under a writ of fieri facias. There was judgment in favor of plaintiff on the trial of the rule for preliminary injunction, which trial, according to stipulation of counsel, was considered to be determinative of the merits, and the restraining order was resolved into a permanent injunction. From this judgment the above-named judgment creditor brings this appeal.
In 1947 John Ellis Green secured a judgment in the amount of $5,000.00, in the Fifth District Court in and for West Carroll Parish, against Hardy M. Strozier, a resident of East Carroll Parish. The judgment creditor caused a writ of fieri facias to issue directed to W. McFarland Long, the Sheriff of East Carroll Parish, under which the said Sheriff seized a 1947 model Kaiser special Sedan as belonging to the judgment debtor. Strozier, the judgment debtor, thereupon instituted these proceedings, secured a restraining order, and a rule issued upon the judgment creditor and the Sheriff ordering them to show cause why the automobile under seizure should not be declared exempt from seizure and sale under the provisions of Article 644 of the Code of Practice. The only question involved in this case is whether plaintiff's automobile is such a tool or instrument as is necessary for the exercise of *Page 255 
the calling or trade by which he makes a living.
Plaintiff is engaged in the business of buying timber, cutting and selling logs, which business provides the source of income by which he supports himself and his family. The testimony establishes the fact that plaintiff, who is 60 years of age, is and has been for the major portion of his life, some 48 years according to his testimony, in the logging business. At the time of the seizure he was the owner of one logging truck and the automobile which is the object of this litigation, which was purchased in 1946. Plaintiff operates principally in the northeast section of the State of Louisiana; he is not a large scale operator and his success depends entirely upon his own efforts. It is necessary for him to travel about the country in the effort to find and purchase merchantable timber, which is cut by his crew and hauled by his truck. Attendant upon purchasing and cutting the timber it is also necessary for plaintiff to seek out buyers and sell his logs. In the course of these operations we think the testimony overwhelmingly establishes the fact that plaintiff uses his automobile for all of these purposes and, additionally, for the purpose of hauling his crews of cutters and loaders to and from the site of his logging operations. There is nothing in the record which controverts plaintiff's contention that he uses this particular automobile exclusively for business purposes and that it is neither a luxury nor a convenience.
It is argued on behalf of the defendant judgment creditor that plaintiff could travel about the country by bus or taxi, and by the use of these established modes of transportation attend to the affairs of his business, and, further, that he could haul his logging crew on the truck. Even without what we regard as the overwhelming evidence to the contrary which is contained in the record, we think common knowledge and common sense would indicate that this argument is unreasonable. A logging operator in this day and time without the use of an automobile would be about as effective as a cowboy, on foot, attempting to round up range cattle.
The facts abundantly establish the merit of plaintiff's contention that his automobile is a necessary instrument in the pursuit of the trade by which he makes his living, and therefore falls within the very words, intent and purpose of Article 644 of the Code of Practice.
Counsel for the defendant judgment creditor cites the case of Holt v. Flournoy, 24 So.2d 171, decided by this Court in 1945. We think it unnecessary to go beyond the cited case in which we attempted to review and analyze the jurisprudence on this point.
The facts in the Holt case were not merely distinguishable but were entirely different from the facts in the instant matter. The evidence in the Holt case conclusively established the fact that Holt's automobile was not necessary and that his loss of the vehicle by seizure did not affect his employment nor pay in the slightest degree. Exactly the opposite effect is established by the evidence in the instant case. The loss of the automobile of the plaintiff in this case would not only unquestionably impair his income but, in our opinion, would jeopardize his continuance of the trade by which he makes his living.
Under these facts it is evident that plaintiff is entitled to the protection which is accorded by the provisions of our exemption statute incorporated in the article of the Code of Practice to which reference is made above.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost. *Page 397