HARDY, Judge.
Plaintiff, a judgment creditor of defendant, caused a writ of fieri facias to issue pursuant to which a 1949 model Studebaker *767 automobile owned by defendant was seized. Subsequent to seizure defendant caused the issuance of a rule ordering plaintiff to show cause why the said automobile should not be released from seizure on the ground that the same was exempt as a necessary instrument or tool used in the practice of defendant’s trade or profession. After trial of the rule there was judgment in favor of defendant, plaintiff in rule, declaring the automobile to be exempt from seizure under the provisions of Article 644 of the Code of Practice. From this judgment plaintiff appealed. The facts concerned are simple and for the most part little disputed. Defendant is employed by the Town of Zwolle, Sabine Parish, Louisiana, as night marshal. His duties are the usual ones of a peace officer or patrolman employed in the preservation of the general peace of the community, in the course of which he is required to arrest offenders and incarcerate them in the town jail. The Town of Zwolle is approximately a mile square but it is shown that two sizeable lumber manufacturing industries are situated on opposite sides of the town, one being a short distance outside of the town limits. It further appears that residential quarters for a considerable number of the Negro employees of these industries are maintained at and about the sites thereof. The Town Marshal is charged with the duty of patrolling these widely separated sections, as well as the remainder of the town. The uncontradicted testimony of the Mayor of Zwolle establishes the fact that the governing authorities of the town require the individual employed as night marshal to own an automobile.
After the seizure the Town of Zwolle intervened in this matter, claiming the ownership of the seized automobile, which intervention, however, was later voluntarily dismissed on the ground that it had been filed in error of fact. It developed that while the installments for the credit portion of the purchase price of the automobile were withheld from defendant’s salary and. paid by the town, and although the purchase had been negotiated by the town authorities, nonetheless the defendant is the real owner of the vehicle.
The issue here presented has been several times lately considered by this Court in cases which have been cited by counsel for the parties herein, Holt v. Flournoy, La.App., 24 So.2d 171; Strozier v. Long, La.App., 40 So.2d 254; Gunn v. Credit Service Corporation, La.App., 46 So.2d 628; Skelley v. Accounts Supervision Co., La.App., 53 So.2d 520.
In the three cases last above cited there was judgment ordering release of the seizure of automobiles on the ground that the vehicles were necessary in the conduct, pursuit and performance of the trade or occupation of the several parties who were engaged respectively as an independent logging contractor, an independent insurance adjuster and an independent painting, roofing and repair contractor. In the Hoft case the seizure was maintained upon the basis of the court’s finding of facts which resulted in the conclusion that the plaintiff’s ownership of an automobile was not essential or necessary to the general calling or trade of a car repairer in which he was engaged.
It is urged on behalf of this defendant that his ownership of the seized automobile is necessary to the continuance of his present employment, as a consequence of which the maintenance of the seizure will deprive him of the instrument through the use of which he earns a living for himself and his family. The resolution of this proposition is clearly determinative of the issue before us.
In support of defendant’s position it is contended that the loss of his automobile will automatically result in the loss of his present employment, and counsel points out the distinction from the Holt case on the ground that there the employee was not required to own an automobile.
In cdmbating this proposition it is argued on behalf of plaintiff that an automobile is not necessary to the performance of defendant’s duties and therefore the requirement of ownership of an automobile should not be considered as controlling the issue presented. We think there is merit in this contention. A number of witnesses who held positions comparable to that of de *768 fendant herein in communities of a similar size to that of Zwolle were tendered by plaintiff on trial of the rule. The testimony of some of these witnesses must 'be disregarded in view of the fact that they were elected officials, and the testimony of others is inconclusive because there was no requirement of the ownership of a cár as a condition to the employment.
But we are confronted with the necessity of determining whether a requirement of ownership of a vehicle by an employee is in itself sufficient to characterize a vehicle as essential- and necessary under the meaning of the codal article. It seems to us that to hold affirmatively on this point would open the way to a wholesale violation of the true intent and purpose of the article itself. In other words, an employer by the promulgation of a simple directive requirement could enable an employee to successfully defeat the claim of a judgment creditor. This is not the true test. Rather we adhere to the principle enunciated in our opinion in Holt v. Flournoy, supra [24 So.2d 173]: “ * * * the general test which should be applied in these cases must be considered to be a determination as to whether the property seized is such a tool or instrument as is recognized as being necessary in the exercise of the general calling, trade or profession in which the individual is engaged, and by which he makes his living.”
The record in this case does not convince us that an automobile is necessary for the use of town marshals as a -class or group. Indeed, the record before us does'not justify the conclusion that an automobile is necessary for the use of the night marshal of the Town of Zwolle, and is essential in the performance of his duties. Unquestionably it makes such performance easier and more convenient but this is not the test. ^ Under the facts here adduced there ,is no indication of the necessity of the ownership of an automobile by the individual serving as a town marshal. Insofar as the testimony in the instant case is concerned, it appears that the town not only negotiated for the purchase of the automobile as above noted, but the town increased defendant’s salary by an amount sufficient to care for his monthly payments against the purchase price. There appears to be no good reason why the town itself could not have purchased the automobile in its own name, as was indeed claimed in the original petition of intervention, for the use of its employee. Defendant’s counsel apparently recognizes and admits the fact that the ownership of an automobile is not alone a necessary condition to the continuance of defendant’s employment, and, in brief, only argues that either the ownership or possession of an automobile is so necessary. There is no showing that defendant could not obtain possession or use of an automobile as contra-distinguished from ownership.
We are properly impressed with the observation of our learned brother of the District Court as set.forth in his written opinion to the effect that by reason of his familiarity with the situation, and on the basis of the evidence adduced, he was impelled to the conclusion that an automobile would be necessary to the efficient performance of the duties of a night marshal. We point out the fact that there is a vast difference, however, between the necessity for the use of an automobile and the necessity for the ownership of an automobile. In the cases above cited in which the seizures were released.it is important to note that the owners of the vehicle were all engaged in an independent performance of a trade or calling. They were not regularly employed. On the contrary, in the Holt case the judgment creditor was regularly employed in a trade or calling which, according to our holding, would not necessitate the ownership of an automobile.
Under the facts we cannot conclude that the ownership of an automobile is necessary for the exercise of defendant’s calling or trade by which he makes a living, and it follows as a consequence that the seizure should be maintained.
For the reasons assigned the judgment from which appealed is reversed and set aside and there is now judgment -recalling the rule issued on behalf of defendant, C. C. Merritt, on the 22nd day of May, 1951.
There is further judgment in favor of plaintiff maintaining the seizure of the automobile and for all costs.
KENNON, J., not participating.