GLADNEY, Judge.
Plaintiff, H. D. Ellis, alleging an exemption for seizure brought this action to enjoin a sale of his truck by the sheriff acting under a writ of fi fa issued pursuant to a money judgment obtained by the defendant, Malone. On the hearing of the rule for/a writ of preliminary injunction it was stipulated the judgment rendered should be considered final as if rendered on application for a permanent injunction. After trial a decree was entered favorable to plaintiff enjoining and prohibiting the sheriff from proceeding with the sale.
Plaintiff’s claim for exemption arises under Code of Practice Article 644, which states:'
“The sheriff or constable can not .seize * * * belonging to the debt- or * * * the. tools and instruments * * * necessary for the exercise of his * * * calling, trade or profession by which he * * * makes a living * *
Ellis takes the position his truck was exempt from seizure as it was a tool or instrument necessary to his calling, or trade. The issue, therefore, to be resolved is whether the debtor will be deprived by the seizure and sale of the property involved of a tool or instrument necessary for 'the exercise of his calling, trade' or profession, within the concept of- the Article of the Code of Practice.
*626 The record discloses plaintiff has his residence about seven miles from the Town of Forest Hill, Louisiana, and for a number of years has made his living as a log cutter, a worker commonly referred to as a “flat-head”. Plaintiff testified there was no logging work currently available within fifteen miles of Forest Hill and he secured work with J. D. Fowler, a logging contractor for the Crowell Lumber Company. His rate of pay was per log. His work was confined solely to the cutting of the logs which Fowler hauled to the railroad, scaled and loaded them on a train for transportation to the lumber mill.
Fowler testified he only employed such men as were able to furnish their own transportation since he did not himself furnish transportation. In practice, Fowler stated, he secured the timber, pointed it out to the log cutters engaged by him, marked the trees to be cut and told the flatheads what lengths were to be cut. Otherwise, it does not appear Fowler exercised any control over the men so employed.
In the exercise of his trade' plaintiff owned and used a power saw, an axe, wedges and measuring poles. These, together with water keg and oil and gas, were loaded into the truck and hauled to the place where plaintiff was engaged in cutting, which, at the time his truck was seized, was some thirty-five miles distant from his home.
Upon the hearing defendants called several witnesses who were engaged in the lumber business, each of whom testified he or his employer furnished transportation to the log cutters employed and such was the general practice which affected approximately eighty-five per cent (85%) of the employees so engaged.
The issue herein presented seems to have been squarely settled in the case of Strozier v. Long, Sheriff, La.App.1945, 40 So.2d 254, a decision by this court in which the exemption was granted. The only question involved in that suit was whether plaintiff’s automobile was such a tool or instrument as could be said to be necessary to the exercise of plaintiff’s calling or trade by which he made a living. Strozier was engaged in the business of buying timber, cutting and selling logs and he had followed such trade for a major portion of his life. At the time of the seizure he owned one logging truck and an automobile which was the subject of the litigation. He was a small scale operator and his success depended entirely upon his own efforts. It was necessary for him to travel about the country to find and purchase merchantable timber which when cut by his crew was hauled by his truck. It was a part of his business also to secure buyers for his logs and in order to do this he had to travel extensively in his automobile for this purpose. He likewise used the automobile to haul his crew of cutters and loaders to and from the site of his operations. Both vehicles referred to were exclusively used for business purposes.
In Gunn v. Credit Service Corporation, La.App.1950, 46 So.2d 628, this court had occasion to pass on the question of whether an automobile owned by an independent insurance adjuster who was required in pursuance of his vocation to be prepared at any time to make investigations of .accidents in the area in which he worked was a tool or instrument necessary and essential to his vocation, within the meaning of the Code of Practice Article 644. The automobile was held to be exempt from seizure, it being pointed out that in order to accomplish his work other transportation would be unavailable.
Our attention is also invited to the cases of Holt v. Flournoy, Sheriff, La.App.1945, 24 So.2d 171, 172 and Britt v. Merritt, La.App.1952, 56 So.2d 766, in which this court held in both cases that plaintiff was not entitled to claim exemption from seizure. Holt v. Flournoy, supra, was relied upon by the defendant in Strozier v. Long, supra [40 So.2d 255], wherein Judge Hardy, the author of both opinions, carefully distinguished the two cases:
“The facts in the Holt case were not merely distinguishable but were entire *627 ly different from the facts in the instant matter. The evidence in the Holt case conclusively established the fact that Holt’s automobile was not necessary and that his loss of the vehicle by seizure did not affect his employment nor pay in the slightest degree. Exactly the opposite effect is established by the evidence in the instant case. The loss of the automobile of the plaintiff in this case would not only unquestionably impair his imcome but, in our opinion, would jeopardize his continuance of the trade by which he makes his living.”
Britt v. Merritt, presented a case where the night marshal of a town one mile square was required in the performance of his duties to patrol all sections thereof, especially at night time. The marshal asserted the use of his automobile was necessary for the efficient performance of his duties and essential to the exercise of his calling and trade. In adopting the opposing view this court pointed out that the requirement of ownership of the automobile could not be considered as being necessary for the exercise of his trade, calling or occupation, although it would perhaps increase the efficiency of his performance of duty.
Holt v. Flournoy, supra and Britt v. Merritt, supra, present factual situations evincing the non-essentiality of the automobile in the exercise of the owner’s trade, calling or occupation, whereas in the instant case without the use of an automobile for conveyance to and from his work and for carrying his tools, Ellis would have to forego employment as a log cutter or move his residence to some location where conveyance would be furnished. The circumstances, we think, entitle plaintiff to the exemption accorded by Article 644 of the Code of Practice.
The judgment from which appealed should be and is hereby affirmed, defendants to pay all costs, including cost of this appeal.