## Richmond

EDWARD L. GREER v. GEORGE B. DILLARD, ETC., ET AL.

January 15, 1973.

Record No. 8105.

Present, All the Justices.

*Mary Ellen Gale (David G. Karro,* on brief), for petitioner.

*Vann H. Lefcoe, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for respondent.

Per Curiam.

By petition for a writ of mandamus based on a stipulation of facts, Edward L. Greer invokes the original jurisdiction of this court.

On April 20, 1972 respondent George B. Dillard, Judge of the Municipal Court of the City of Roanoke, Virginia, entered judgment against Greer in favor of the Bank of Virginia in the sum of $504.32, with interest, costs and attorneys' fees, and pursuant to Code §§16.1-107 and -108 set the appeal bond at $600.00.

■ Greer, a pauper, was unable to post the bond and, relying in part upon Virginia's *in forma pauperis* statute, Code §14.1-183, requested respondent Dillard to permit him to appeal *de novo* to a court of record without posting bond. The request was denied.

Seeking declaratory and injunctive relief, Greer filed suit against respondent Dillard and respondent Edward L. Walters, Clerk of the Municipal Court of the City of Roanoke, Virginia, in the United States District Court for the Western District of Virginia. On April 27, 1972 that court entered a temporary restraining order restraining respondents from entering final judgment in the Municipal Court and staying the running of the time for appeal pending a hearing of Greer's federal claims before a three-judge federal court.

On August 29, 1972, after hearing argument on Greer's claims under the due process and equal protection clauses of the 14th Amendment to the Constitution of the United States, the three-judge federal court entered an order abstaining from judgment on the merits and extending the temporary restraining order until Greer exhausted his remedies on his state claim before this court.

In his petition to this court, Greer properly reserves his rights in the federal court and articulates his federal claims only "so that the state statutes may be construed in light of but without adjudication of his federal claims."[1] *Government Employees* v. *Windsor*, 353 U. S. 364 (1957); *England* v. *Louisiana State Board of Medical Examiners*, 375 U.S. 411 (1964).

Code §16.1-106 grants civil litigants a *de novo* appeal of right from a decision of a court not-of-record to a court of record.

Code §16.1-107 requires an appeal bond covering costs and the judgment below or whatever judgment might be entered above.

Code §14.1-183, Virginia's *in forma pauperis* statute, provides in pertinent part that:

"Any person . . . who, on account of his poverty is unable to pay fees or costs may be allowed by a court to sue or defend a suit therein, without paying fees or costs. . . ."

The critical question raised by the petition is whether the appeal bond required by Code §16.1-107 is a "fee" or "costs" within the meaning of Code §14.1-183.

---

[1] Greer did not raise in his petition to this court a question of due process under the Virginia Constitution.

We hold that it is not.

In construing these statutes, separately and jointly in relation to each other, we must give effect to the intent of those who wrote them. Without legislative history permitting a broader construction, statutory words must be given the meaning they have acquired from customary usage. A bond is not a fee; a bond is not a cost. And we have been cited no contrary usage, customary or occasional, formal or colloquial, lay or legal.

Greer argues that the several statutes concerned should be read together; that the paramount legislative policy is to permit indigent litigants "full access to state courts"; that full access is impossible if an appeal of right is conditioned upon an appeal bond an indigent cannot finance; and that such a condition must be construed to be null and void.

Such an argument assumes too much. It assumes that a statutory grant of the right "to sue or defend a suit" guarantees "full access to state courts", including the right to appeal without satisfying statutory conditions of appeal. It assumes that the explicit mandate of one statute must yield to the implicit policy of another statute.

We cannot indulge such assumptions. Rather, we must assume that in 1972, when the General Assembly was in the process of amending the *in forma pauperis* statute, it was fully aware of its interrelationship with Code §§16.1-106 and -107 and, had it seen fit, could have authorized indigent appeals without bonds simply by adding the word "bonds" in context with the words "fees or costs". We cannot treat its failure to do so as an inadvertent omission to be supplied by judicial construction.

We cannot because we will not usurp the General Assembly's prerogative to write the laws and fix public policy. As a matter of public policy, it is one thing for the state to excuse indigents from payment of fees and costs which are essentially state interests; it is another thing for the state to excuse indigents from posting bonds designed to protect the judgment rights of successful litigants.

Greer prays further that he be allowed to proceed in this court under Code §14.1-183 without payment of fees or costs. Like a petition for a writ of *habeas corpus* and a petition for a writ of prohibition, a petition for a writ of mandamus, when properly grounded, invokes our original rather than appellate jurisdiction. In such cases, we sit as a "court" in which a pauper "may be allowed . . . to sue . . . without paying fees or costs . . ." within the meaning of Code §14.1-183.

Greer's petition was properly grounded; leave is granted for him to proceed *in forma pauperis*, and the petition for a writ of mandamus is denied.

*Denied.*