**In re George Robert DUMMITT, Bankrupt.**

**Bankruptcy No. 79-00807.**

United States Bankruptcy Court,
W. D. Virginia.

Jan. 3, 1980.

G. Steven Agee, Roanoke, Va., for bankrupt.

Ross C. Hart, Roanoke, Va., for trustee.

MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue here is whether a travelling salesman's automobile should be exempt from levy and therefore not an asset vesting in the trustee pursuant to *Va.Code* § 34–26 (1977 Cum.Supp.)

That statute provides in pertinent part that a householder shall be permitted to claim exempt as follows:

"You shall also be entitled to hold exempt from levy or distress the following articles . . . and in the case of a mechanic the tools and utensils of his trade."

George R. Dummitt is a travelling salesman, travels throughout the southeastern United States and the automobile in question being a 1977 Pontiac, is essential to his work.

At first blush, it would appear to be as difficult to call a travelling salesman a "mechanic" as it would be to call his automobile a "tool" or "utensil" of trade. However, before disposing of the issue on those facts outright, we are compelled to expand on this relatively novel issue in this district.

At the outset, it is noted that Virginia was one of only two states which chose not to incorporate the exemptions § 522(d) of the Bankruptcy Reform Act. That section would have liberalized exemptions and specifically, would have granted a $1,200.00 exemption in the value of an automobile.

The Act of the General Assembly of the 1979 session was quite specific in its denial of the Federal exemption:

"No individual may exempt from the property of the estate in any bankruptcy proceeding the property specified in subsection (d) of Section 522 of the Bankruptcy Reform Act (Public Law 95–598) except as may be otherwise *expressly permitted* under this title." (1979 C. 692) (emphasis added)

By excluding § 522 which grants automobile exemptions we must infer that the legislature did not intend to incorporate an automobile exemption in the present Virginia Statute Section 34–26, *supra.* We are not to treat that omission as one to be modified or corrected by judicial construction. To do so would have the Judiciary usurping the role of the lawmakers. *See Greer v. Dillard,* 213 Va. 477, 479, 193 S.E.2d 668 (1973).

Counsel for the bankrupt contends, and the Trustee concedes that this is a case primarily of equity. This Court's equity jurisdiction arises out of 11 U.S.C. § 11:

"The . . . courts of bankruptcy . . . are invested . . . with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in proceedings under this Act . . . ."

Were we to wear our equity hat exclusively there is little doubt but that we would allow the bankrupt his exemption. But, to do so would circumvent the policy of the Commonwealth's legislators as well as the language of the exemption statute.

It is argued by the bankrupt that exemption statutes are to be liberally construed to effect the intent of the legislature. In fact, *Michies Jurisprudence* describes the general interpretation which is to be given these statutes:

A statute exempting property from levy or sale is not to be construed strictly, but rather an attempt should be made to carry out the obvious intent of the lawmaker. The poor debtor's exemption statutes must also be liberally construed to accomplish their object which is for the protection and benefit of the poor debtor. 8A *M.J.* "Exemptions," § 2.

As mentioned above, however, the "obvious intent of the lawmaker" is abundantly clear. There must be express language in § 34–26 allowing an automobile to be exempt in the case of a travelling salesman. There is no such language in that statute.

Query that if a boat, tackle, and fishnet are exempt from levy in the case of a fisherman or oysterman, why shouldn't an automobile be exempt for a salesman? The principle is the same. The only difference is that the legislature has specifically allowed exemptions for fishermen and oystermen in § 34–26.

Many decisions have been reached in other jurisdictions finding an automobile a "tool or utensil of trade." *Gunn v. Credit Service Corp.*, 46 So.2d 628, 629 (La.App. 1950) (insurance adjuster's automobile held exempt); *Strozier v. Long*, 40 So.2d 254, 255 (La.App.1949) (small scale logging operator's automobile held exempt); *In the Matter of Bailey*, 172 F.Supp. 925 (D.Neb.1959) (painting contractor's panel truck held exempt); *In re Pioch*, 235 F.2d 903 (3rd Cir. 1956) (travelling salesman's automobile considered exempt in *dictum*). However, in none of the cases just cited was the court resolving the same language presented by the Virginia statute; "in the case of a mechanic, the tools and utensils of his trade . . . ."

In the cases just cited, the only language construed was "tool of the bankrupt's trade." There appears to be no restriction on the nature of his work, trade or following in the statutes involved. This case turns on the resolution of two definitions: "mechanic" and "tools and utensils of his trade."

While it may be plausibly argued that an automobile may be a tool or utensil of one's trade, it is most difficult to denominate in common parlance a salesman as a mechanic. Though the Virginia Code sheds no light on the definition of a mechanic, the usual meaning given the word means: "a manual worker, a man skilled in the construction or operation of machines or vehicles run by machines." *Websters Third New International Dictionary*, Unabridged Edition, G. C. Merriam and Company (1976). Here Mr. Dummitt performed no manual labor nor did he utilize any mechanical skills.

We cannot construe the language of § 34–26 to include a salesman's automobile. The General Assembly has had numerous opportunities to expand the exemption of § 34–26. In fact, four amendments have taken place within the past decade, the latest in 1977. We must assume that the legislature was aware of surrounding circumstances when it amended § 34–26, *See Greer v. Dillard*, 213 Va. 477, 193 S.E.2d 668 (1973), and decided not to include an auto-

mobile within that section. The legislature has granted an exemption to Fishermen and oystermen, § 34–26 in the same paragraph that the mechanic's exemption is provided. Additionally, farmers are given specific exemptions. § 34–27. Other exemptions are specifically granted in other sections of the Code of Virginia including an insurance policy under Section 38.1–449.

With the specific enumerated exemptions, throughout the Code, it must be assumed that an exemption of a salesman's car used by him in his business would likewise have been enumerated in the statute. This is much more reasonable than assuming a mechanic is the same as a salesman.

In consideration of the foregoing, it is the conclusion of this Court that the automobile is not entitled to the claim of an exemption, and consequently, is an asset to be administered by the Trustee.