**In re Daniel Stuart WILLIAMS, Sheila Jean Williams, Debtors.**

**ASSOCIATES FINANCIAL SERVICES COMPANY OF TENNESSEE, INC., Movant,**

**v.**

**Daniel Stuart WILLIAMS, et al., Respondents.**

**Daniel Stuart WILLIAMS, et al., Movants,**

**v.**

**BLAZER FINANCIAL, Respondent.**

**Daniel Stuart WILLIAMS, et al., Movants,**

**v.**

**ASSOCIATES FINANCIAL, Respondent.**

**Bankruptcy No. 7–84–00127. Motion Nos. 1, 2 and 3.**

United States Bankruptcy Court, W.D. Virginia, Abingdon Division.

June 13, 1984.

As Amended June 18, 1984.

Bernard S. Via, III, Bristol, Va., for debtors.

Luther H. Icenhour, Jr., Bristol, Tenn., and D.H. Frackelton, Bristol, Va., for Associates Financial Services.

James E. Nunley, Bristol, Va., Chapter 13 Trustee.

## JOINT MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

Plaintiff-Debtor seeks to avoid non-possessory, non-purchase money liens held by Associates Financial Services and Blazer Financial against a 1979 Chevrolet automobile, which Debtor claims is avoidable under § 522(f)(2)(B) of the Bankruptcy Code as exempt "tools of trade".

The facts are essentially undisputed. On October 13, 1983, Daniel and Sheila Williams (Debtors) filed a joint Chapter 13 petition in bankruptcy. In their schedules and Homestead Deed, Debtors claimed the

1979 Chevrolet exempt pursuant to § 34–26 of the *Code of Virginia (1950)*. Debtors listed the value of the automobile at $700.00.

The parties have stipulated that Associates Financial Services has a duly perfected non-possessory, non-purchase money security interest in the 1979 Chevrolet and other household goods in the amount of $3,528.60. Associates contends, however, that the car is valued at $2,000.00. It is further stipulated that Blazer Financial holds a valid second lien on the property in question.

Mr. Williams, a radio salesman, travels extensively in his job. As the subject automobile is his sole means of transportation, Debtor maintains that he is dependent on this vehicle to pursue his livelihood and it is, therefore, a tool of his trade which may be exempted and the lien against said property avoided. Counsel for Associates contends that an automobile may not be exempted under Virginia law and its lien is not subject to avoidance under § 522(f). Associates has filed a Motion for Relief to recover its collateral. Debtors have agreed to turn over the automobile to Associates should the court deny their Motion for Lien Avoidance.

11 U.S.C. § 522(f) enables a debtor to avoid a non-possessory, non-purchase money security interest in certain enumerated property if such interest impairs an exemption to which the debtor would be entitled under § 522(b).[1]

Under § 522(b), a debtor may exempt property specified in § 522(d) unless State law specifically does not so authorize. Virginia is one of the states which chose to opt out of the exemptions of § 522(d). We must, therefore, look to Virginia law to determine what property may be exempted. The Virginia legislature has not chosen to incorporate an automobile in its exemption statutes. Furthermore, § 34–26 of the *Code of Virginia (1950)*[2] has been strictly construed to deny inclusion of an automobile as a tool of trade. *In re Dummitt*, 2 B.R. 136 (Bkrtcy.W.D.Va.1980).

As Debtors' 1979 Chevrolet is not a "tool of trade" under Virginia law, Debtors may not properly exempt this vehicle, nor may the liens held by Associates Financial Services and Blazer Financial be avoided under § 522(f)(2)(B). Debtors' Motions # 2 and # 3 for Lien Avoidance are, accordingly, DENIED. The motion of Associates Financial Services for relief is GRANTED. It is SO ORDERED.

Service of a copy of this Amended Joint Memorandum Opinion and Order shall be made by mail to the Debtors, their attorney, Trustee, and to counsel for Associates Financial and Blazer Financial.

---

**1.** § 522(f) ... debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a non-possessory, non-purchase money security interest in—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor...

(B) implements, professional books, or tools, of the trade of the debtor...

(C) professionally prescribed health aids' for the debtor...

**2.** § 34–26. Exempt Articles Enumerated....

(5) ... and in case of a mechanic, the tools and utensils of his trade...