**DOMINION BANK OF the CUMBERLANDS,**
Appellant,

v.

**James R. NUCKOLLS, Judy M. Nuckolls, Appellees.**

Civ. A. No. 86–0245–A.

United States District Court,
W.D. Virginia,
Abingdon Division.

March 19, 1987.

---

Robert Briemann, Grundy, Va., for plaintiff.

Robert T. Copeland, Abingdon, Va., for appellees.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

This case is presently before the court on cross-appeals from the decision of the United States Bankruptcy Court for the Western District of Virginia.

The underlying facts are as follows. James R. Nuckolls and his wife, Judy M. Nuckolls, ("the Nuckolls") owned and operated Jim and Judy's Family Restaurant ("the Restaurant") in Grundy, Virginia for a brief time until December 1983. In November 1982 they borrowed approximately $7,000 from Dominion Bank of the Cumberlands ("the Bank"); and in return they granted the Bank a security interest in the Restaurant's inventory, equipment, accounts receivable, and cash and waived any right to claim homestead exemptions under Virginia law. In May 1983 the Nuckolls filed for bankruptcy, and they were granted a Chapter 7 discharge in May 1984.

One month prior to the discharge the Nuckolls filed a complaint requesting a declaratory judgment as to the nature and extent of the interest of the Bank and the Trustee in Bankruptcy ("Trustee") in the restaurant equipment that the security agreement covered.[1] The Trustee did not respond to the complaint; and after protracted litigation between the Nuckolls and the Bank, the Fourth Circuit held that the Bank had perfected its security interest in the restaurant equipment against the Nuckolls but not against third parties and that the Nuckolls can avoid the Bank's lien on the restaurant equipment to the extent that the lien impairs the "tools of the trade" exemption that 11 U.S.C. § 522(f) ensures. *Dominion Bank of Cumberlands v. Nuckolls*, 780 F.2d 408 (4th Cir.1985). The Fourth Circuit then remanded the case for a factual determination of "whether all of the restaurant equipment constitutes ... 'tools, of the trade of the debtor' so as to warrant application of 11 U.S.C. § 522(f)(2)(B)." *Nuckolls*, 780 F.2d at 413. The bankruptcy court subsequently held that the equipment does not qualify for a "tools of the trade" exemption and ordered the Trustee to administer the assets for the benefit of the estate, 63 B.R. 254. Apparently the Trustee has indicated that the

---

1. Specifically this action involves one stainless steel refrigerator, one stainless steel freezer, one chest freezer, 84 chairs, one electronic cash register, one steam table, two salad bars, two electric grills, one coffee machine, one restaurant stove, two stainless steel sinks, one deep fryer, one sandwich bar, one bar and 12 stools, six stainless steel work tables, 20 tables, and 12 double booths.

restaurant equipment is burdensome and that he does not wish to administer it.

The Bank has appealed the determination of the bankruptcy court insofar as it directed the Trustee to administer the restaurant equipment as estate assets. The Nuckolls have cross-appealed the determination of the bankruptcy court insofar as it held that the restaurant equipment does not qualify for the "tools of the trade" exemption.

■ The first issue before the court—whether the restaurant equipment qualifies for lien avoidance as protected "tools of the trade"—depends upon interpretation of Virginia statutory law. 11 U.S.C. § 522(f) provides for lien avoidance "to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section." 11 U.S.C. § 522(b) sets forth a federal exemption system for which a state can substitute its own exemption system. Virginia has exercised this option. Va.Code § 34–3.1 (1984). Thus the threshold question is whether the restaurant equipment qualifies for exemption under the Virginia exemption system.

The Virginia exemption system provides that a bankrupt "mechanic" may exempt "the tools and utensils of his trade." Va. Code § 34–26(5) (1984). Common sense suggests that a restaurateur is not a mechanic and that, consequently, the restaurant equipment is not a mechanic's "tools of the trade." The case of *In re Dummitt* supports this conclusion. In *Dummitt* the court held that a travelling salesman is not a mechanic explaining:

> [I]t is most difficult to denominate in common parlance a salesman as a mechanic. Though the Virginia Code sheds no light on the definition of a mechanic, the usual meaning given the word means: 'a manual worker, a man skilled in the construction or operation of machines or vehicles run by machines.'

*In re Dummitt,* 2 B.R. 136, 138 (Bankr.W. D.Va.1980) (quoting *Webster's Third New International Dictionary,* Unabridged Edition, G.C. Merriam and Company (1976)).

This court is of the opinion that the Virginia Code and *Dummitt* clearly indicate that the restaurant equipment does not qualify for exemption as a mechanic's "tools of the trade"; and, accordingly, the relevant portion of the decision of the bankruptcy court is hereby AFFIRMED.

■ This court must also determine whether the bankruptcy court properly directed the Trustee to administer the restaurant equipment for the benefit of the estate. The issues previously litigated before this court and the Fourth Circuit—whether the Bank had perfected its security interest vis-a-vis the Nuckolls and whether the Nuckolls can avoid the Bank's lien despite their waiver of the homestead exemption—did not determine the rights and responsibilities of the Bank in relation to the Trustee and other creditors. Furthermore, the determination that the restaurant equipment does not qualify for exemption from the bankruptcy estate logically re-inserts that equipment into the bankruptcy estate. The Trustee has indicated that he does not want to dispose of the restaurant equipment as assets of the estate. 11 U.S.C. § 554 provides for abandonment of property "[a]fter notice and a hearing." *See also* Bankruptcy Rule 6007. If the Trustee follows the procedure set forth in § 554 and Rule 6007 and properly abandons the equipment, the Fourth Circuit has already held that the Bank's interest in the equipment is superior to the Nuckolls' interest. At that point, the Bank may claim the equipment. But first other creditors must be given the opportunity to oppose the abandonment. Additionally this court notes that the Fourth Circuit opinion directed the bankruptcy court to conduct "further proceedings consistent with this opinion" indicating that the Fourth Circuit did not necessarily contemplate a single fact-finding proceeding. *Dominion Bank of Cumberlands v. Nuckolls,* 780 F.2d 408, 414 (4th Cir.1985). Consequently, this court is of the opinion that the bankruptcy court properly directed the Trustee to dispose of the restaurant equipment.

In accordance with this Memorandum Opinion, an Order will be entered affirming

the bankruptcy court's determination that the restaurant equipment does not qualify as "tools of the trade" and the bankruptcy court's instruction to the Trustee to administer the restaurant equipment for the benefit of the estate. This case is stricken from the docket.