## CIRCUIT COURT OF FAIRFAX COUNTY

Mounia Elyazidi

    v.

Christopher Eric Barr

August 6, 2015

Case No. CL-2015-769

■■■■■

By Judge Daniel E. Ortiz

This Petition for a Writ of Mandamus came before the Court on April 17, 2015, on Respondent's Motion To Dismiss and Petitioner's Motion To Amend the Petition. At that hearing, the Court granted Plaintiff's Motion To Amend and directed the parties to file briefs on the merits of Petitioner's claim. The parties subsequently filed cross-motions for summary judgment. For the reasons set forth below, the Respondent's Motion for Summary Judgment is granted and Petitioner's Motion for Summary Judgment is denied.

### I. *Factual Background*

Counsel stipulated at oral argument that the facts of the case are not in dispute. Mounia Elyazidi ("Petitioner") failed to pay certain credit card debts and was subsequently the subject of a warrant in debt in the General District Court of Fairfax County. On December 19, 2012, the District Court entered a judgment against Petitioner in the amount of $9,490.82. The trial judge set the appeal bond for Petitioner at the judgment amount pursuant to Virginia Code § 16.1-107. On January 2, 2013, Petitioner timely filed a notice of appeal, and, on January 17, 2013, she filed a request to waive the appeal bond on indigency grounds. After reviewing the financial status of Petitioner, the District Court denied her request. Petitioner failed to file the required appeal bond. As a result, Christopher Barr, the Clerk of the District Court ("Respondent"), did not transmit the record of the case to this Court.

Almost two years later, Petitioner filed this Petition to compel Respondent to forward the record for a proper appeal.

## II. *Arguments*

Petitioner argues that Virginia Code § 16.1-107, the statute requiring a bond to appeal a case from district court to circuit court, violates her right to a jury under the Virginia Constitution. Petitioner asserts that the appeal bond requirement puts the availability of a jury trial in circuit court, the only forum where a jury trial can be obtained, at the mercy of a party's ability to pay, which is an unconstitutional limitation on the right to a jury trial. Petitioner also raised due process and equal protection arguments in her summary judgment motion.

Respondent states that the appeal bond statute does not unreasonably deprive Petitioner of her right to a jury trial. Respondent notes that Petitioner had an available avenue to get the appeal bond waived in this case, namely, the indigency exception set forth in § 16.1-107, and that Petitioner simply failed to qualify for the exception that renders the statute constitutional.

## III. *Standard of Review*

Because Petitioner seeks a writ of mandamus, this Court is guided by the strict standard of review set forth by the Supreme Court of Virginia:

> A writ of mandamus is an extraordinary remedy that may be used to compel a public official to perform a purely ministerial duty that is mandatory in nature and is imposed on the official by law. Mandamus is awarded not as a matter of right, but only in the exercise of sound judicial discretion. . . . In doubtful cases, the writ will be denied. However, when the right involved and the duty sought to be enforced are clear and certain, and when there is no other specific, adequate remedy that is available, the writ will issue.

*Goldman v. Landsidle*, 262 Va. 364, 370-71, 552 S.E.2d 67 (2001) (citations omitted). The Court will further apply the standards set forth for constitutional challenges to duly-enacted statutes:

> In reviewing the constitutionality of a statute, [a court's] determination of legislative intent is guided by the recognition that all actions of the General Assembly are presumed to be constitutional. . . . There is no stronger presumption known to the law. Accordingly, only where the statute in issue is plainly

repugnant to a constitutional provision will [a court] declare it null and void.

*Elizabeth River Crossings OpCo, L.L.C. v. Meeks,* 286 Va. 286, 301, 749 S.E.2d 176 (2013) (citations omitted).

## IV. *Analysis*

Petitioner seeks the "extraordinary remedy" of a writ of mandamus based on an argument that runs counter to the "strong[est] presumption known to the law."

Petitioner has failed to meet these two high burdens because the statute she is challenging is a reasonable procedure for district court litigants to seek an appeal to circuit court. Accordingly, the writ must be denied.

Petitioner is challenging the constitutionality of Virginia Code § 16.1-107. That code section states in relevant part:

No appeal [from district court to circuit court] shall be allowed unless and until the party [or the party's representative] shall give bond, in an amount and with sufficient surety approved by the judge or by his clerk if there is one, or in an amount sufficient to satisfy the judgment of the court in which it was rendered. . . . In all civil cases, except trespass, ejectment, unlawful detainer against a former owner based upon a foreclosure against that owner, or any action involving the recovering rents, no indigent person shall be required to post an appeal bond.

Va. Code § 16.1-107.

## A. *Right to Trial by Jury*

Petitioner primarily seeks to invalidate the appeal bond statute under Article I, Section 11, of the Constitution of Virginia, which states "that, in controversies respecting property, and in suits between man and man, trial by jury is preferable to any other, and ought to be held sacred." Va. Const., art. I, § 11.

The Supreme Court of Virginia has articulated a standard for determining whether the "preferable" right to trial by jury is infringed when a party must appeal a case in order to receive that right. Specifically, the Court has stated that "[t]he fact that the party is not able to obtain [a trial by jury] in the inferior court is not a deprivation of the right of trial by jury, if provision is made whereby it can be secured upon an appeal by a reasonable, simple procedure." *Brooks v. Potomac,* 149 Va. 427, 433, 141 S.E. 249 (1928). This standard is in accord with the test that has generally been accepted by other state courts. See 47 Am. Jur. 2d, *Jury,* § 24 (citing cases and stating

the general proposition that, "where a right to trial by jury is secured by allowing an appeal to a court where a jury trial may be held, the legislature may prescribe reasonable conditions to be followed"); accord *Echols v. Housing Authority of Auburn*, 377 So. 2d 952 (Ala. 1979) (denying a writ of mandamus challenging a supersedeas bond requirement on jury right grounds).

While the Supreme Court has not explicitly deemed the appeal bond statute a "reasonable, simple procedure," the Court has approved of the legislative intent of § 16.1-107 in previous cases. For example, the Court articulated the purpose of the appeal bond requirement in *Greer v. Dillard*, 213 Va. 477, 193 S.E.2d 668 (1973), stating that such bonds are "designed to protect the judgment rights of successful litigants." 213 Va. at 479. This justification for the appeal bond statute has been cited and applied numerous times by the appellate courts of the Commonwealth. See, e.g., *Tauber v. Commonwealth, ex rel. Kilgore*, 263 Va. 520, 545, 562 S.E.2d 118 (2002) (discussing the setting of an appeal bond at an amount less than the judgment and holding that "[t]he purpose of the statute is to secure payment of the full judgment amount. . . . A lesser amount would undermine the security of the judgment to which a prevailing party is entitled in the event that an appellant does not succeed on appeal"); *Mahoney v. Mahoney*, 34 Va. App. 63, 67, 537 S.E.2d 626 (2000) ("An appeal bond provides assurances that any judgment that may be rendered on appeal, if perfected, will be satisfied."). The tacit approval of the intent of the appeal bond evident in these cases leads to the conclusion that the appeal bond requirement itself is a reasonable procedure for securing a litigant's right to a trial by jury in a circuit court.

Even if the appeal bond alone was not a reasonable financial burden, however, § 16.1-107 lends further credence to its own reasonableness by providing for an indigency exception to the bond. *See* Va. Code § 16.1-107 ("In all civil cases, except trespass, ejectment, unlawful detainer against a former owner based upon a foreclosure against that owner, or any action involving the recovering rents, *no indigent person shall be required to post an appeal bond*.") (emphasis added). Thus, any argument that the statute unconstitutionally conditions a jury trial on an ability to pay is negated by a litigant's ability to obtain a waiver for the express purpose of being unable to pay.

This indigency exception to § 16.1-107 was added by the General Assembly in 2007. *See* 2007 Va. Acts 869. Notably, the Supreme Court in *Greer* (decided prior to the indigency exception) stated that excepting indigent persons from the appeal bond requirement ran counter to the public policy of the Commonwealth. See *Greer*, 213 Va. at 479 ("As a matter of public policy, it is one thing for the state to excuse indigents from payment of fees and costs which are essentially state interests; it is another thing for the state to excuse indigents from posting bonds designed to protect

the judgment rights of successful litigants."). It can be inferred from *Greer* that the reasonable side of the spectrum with respect to the appeal bond requirement lies in requiring the protection of successful litigants as opposed to providing for indigency waivers.

This provision renders the appeal bond statute sufficiently reasonable to sustain the code provision against a constitutional challenge on jury-right grounds.

## B. *Due Process and Equal Protection*

In her summary judgment motion filed pursuant to this Court's April 17 order, Petitioner raised new claims that the appeal bond statute violated her due process and equal protection rights. In support of these claims, Petitioner cited to two federal cases: *Griffin v. Illinois,* 351 U.S. 12, 76 S. Ct. 585, 100 L. Ed. 891 (1956), and *Lecates v. Justice of the Peace Court No. 4,* 637 F.2d 898 (3d Cir. 1980). These two decisions are distinguishable from the present case.

In *Griffin,* the U.S. Supreme Court analyzed an Illinois law requiring criminal defendants in non-capital cases to pay for their own trial transcripts in order to appeal their case. 351 U.S. at 12. In invalidating the law, the Court in *Griffin* examined the due process and equal protection issues almost exclusively in the context of criminal cases using principles inapplicable to the civil case at issue here. See *id.* at 17-19. Furthermore, the *Griffin* court emphasized that Illinois could make accommodations for indigent defendants with respect to transcripts that would bring the law within constitutional bounds. See *id.* at 20. In the present case, such an accommodation exists in the form of the indigency waiver provided by § 16.1-107.

Similarly, the 3rd Circuit in *Lecates* struck down as unconstitutional an appellate procedure in Delaware where there was no exception to the appeal bond requirement. *See* 637 F.2d at 901 ("The bond requirement cannot be waived. . . ."). In finding Delaware's appeal bond to be violative of due process, the court specifically cautioned that "[this decision] is not to suggest that the [appeal] bond requirement is *per se* unconstitutional. We hold only that, *insofar as it is not waivable for those truly unable to pay*, it denies indigents due process of law." *Id.* at 911 (emphasis added). The court suggested that a waiver provision would render the appeal bond constitutional. See *id.* By contrast, such a waiver is explicitly included in § 16.1-107. As a result, the cases cited by Petitioner are inapposite, and the Court finds that Virginia's appeal bond statute does not violate Petitioner's due process or equal protection rights.

## V. *Conclusion*

Petitioner's ultimate dispute is not with Virginia Code § 16.1-107, for the relief she seeks, a waiver of the appeal bond, is provided for in the statute. Petitioner was aggrieved solely by the General District Court's denial of her indigency request, which is a matter that is not before this Court.

Petitioner only mentions her disagreement with the indigency denial in passing. *See* Amended Petition ¶ 7 (stating that the indigency request was "incorrectly denied" by the District Court). The Petition for mandamus deals exclusively with the constitutional issues raised, and, as such, the Court does not incorporate the merits of Petitioner's indigency request in its ruling. Even if the issue were before this Court, however, Petitioner's indigency request would be denied, as the weekly income of Petitioner's household of four people is $620, which is above the eligibility guidelines for court-appointed counsel that serves as guidance for the Court in making indigency determinations. See Amended Petition Exhibit C. *Virginia Department of Judicial Services, Eligibility for Court-Appointed Counsel: Indigency Guidelines* (2015).

The appeal bond statute, complete with its indigency waiver, is a reasonable provision for circuit court appellate review of district court decisions. As such, Petitioner's constitutional rights were not violated when Respondent did not forward to this Court the record in the District Court case. For these reasons, Respondent's Motion for Summary Judgment is granted, Petitioner's Motion for Summary Judgment is denied, and this case stands dismissed.