# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## J. GURFEIN v. PEARL HOWELL.

### June 11, 1925.

Argued before Judge Chichester took his seat.

1. BANKRUPTCY AND INSOLVENCY—*Illegal Distress—Whether Right of Action for Passes to Trustee—Case at Bar.*—The instant case was a motion for damages against defendant for illegal distress. Plaintiff alleged injury to her good name, fame and credit, but there was no allegation of injury to the property or that property vastly in excess of the debt due was levied on. The gist of the action was injury to plaintiff's good name, credit, etc.

   *Held:* That a motion to dismiss the action on the ground that plaintiff was a bankrupt when suit was brought and that the action should have been brought by the trustee was properly overruled.

2. BANKRUPTCY AND INSOLVENCY—*Illegal Distress—Whether Right of Action for Passes to Trustee.*—Where the gist of an action for illegal distress is injury to plaintiff's good name and credit, and not the injury to or the detention of the property, the right of action does not pass to the trustee in bankruptcy, but is a right which remains with the individual and dies with the decease of the person affected.

3. EXCEPTIONS, BILL OF—*Exceptions to Giving or Refusing Instructions—Exception to All Instructions Given or Refused and no Exception as to Each of Them—Case at Bar.*—A certificate of exceptions set forth that the instructions granted upon the action of the plaintiff were granted over the objection of the defendant, "and to which action of the court in granting said instructions for the plaintiff, the defendant excepted." Another certificate of exceptions was as follows: The following instructions "A," "B," "C," "D" were asked for by the defendant and were rejected by the court, to which action of the court in rejecting said instructions the defendant duly excepted. It was contended that as there was only a general objection to a set of instructions and no exception as to each of them the Supreme Court of Appeals could not consider the alleged errors in granting or refusing the instructions.

   *Held:* That there was no merit in this contention.

4. EXCEPTIONS, BILL OF—*When Exception Sufficiently Specific.*—An exception is sufficiently specific if it could not have been misunderstood

by the court or council, and if it can be clearly seen therefrom that the particular ruling or decision complained of was intended to be excepted to.

5. EXCEPTIONS, BILL OF—*Instructions—One Bill.*—One bill of exception, duly taken, will be regarded as sufficient to bring up for review, in an appellate court, all of the instructions given by the trial court over objections thereto, or all of those refused, though the exceptant may, in the appellate court, abandon his objection to any one or more of the rulings excepted to.

6. DISTRESS—*Action for Illegal Distress—Section 5783 of Code of 1919— Intent of Statute.*—The manifest intention of section 5783 of the Code of 1919 is to prevent the landlord from oppressing his tenant. The right to sue in damages for an illegal distress was recognized at common law and the enactment of the statute was in furtherance of the right so recognized.

7. DISTRESS—*Right a Drastic One—Landlord Exercises Right at His Peril— Amount.*—The right to distrain or attach for rent has always been regarded by the courts as a most drastic one, and in order to restrain the landlord from a too free use of this power, he must exercise the same at his peril. The law presumes that he knows the amount of his tenant's indebtedness and ignorance on his part will not relieve him from compensatory damages for a mistake committed by him.

8. DAMAGES—*Measure of Damages—Trespass without Fraud, Malice, etc.*— When a trespass is committed without fraud, malice, oppression or other special aggravation the object of the law is to give compensation for the injury suffered, and damages are restricted to that object.

9. DISTRESS—*Illegal Distress—Damages—"Fair Damages"—Nominal Damages.*—Where a landlord distrains for an amount in excess of the rent due the tenant is entitled to recover at least nominal damages. But an instruction that in such a case the tenant is entitled to fair damages for wrong suffered is erroneous, as it is more than probable that "fair" means more than "compensation" to the average individual, and when the jury were told to find *"fair damages" for the wrong suffered,* instead of being told they could only compensate for the injury done, they conceived the idea, no doubt, that they had the right to punish instead of the power to compensate.

10. DISTRESS—*Action for Illegal Distress—Finding of Court on Distress Warrant as to Amount of Rent Due Conclusive in Action for Illegal Distress.*—In an action for illegal distress, the defendant objected to an instruction that the decision of the court in the proceeding on the distress warrant "that only $200.00 rent was due is binding evidence before this jury." No specific objection to the instruction was pointed out by the defendant. The record showed that counsel for the defendant, in the trial of the distress warrant, conceded that the

amount due defendant was $200.00 and only asked for judgment for that amount.

*Held:* That as to the amount actually due the judgment of the court on the trial of the distress warrant was conclusive.

11. DISTRESS—*Illegal Distress—Nominal Damage—Instructions.*—In an action for illegal distress instructions which ignore the right of plaintiff to recover nominal damages where an illegal levy has been made are erroneous, under section 5783 of the Code of 1919.

12. DISTRESS—*Illegal Distress—Value of Goods Taken a Question of Fact.*— In an action for illegal distress the price obtained at a forced sale is not the sole criterion as to the value of the goods levied on. The value of the property at the time of the levy is a question of fact to be determined by the court or the jury trying the issue.

13. DISTRESS—*Illegal Distress—Damages—Nominal Damages—Substantial Damages—Injury to Plaintiff.*—In an action for illegal distress, the defendant was entitled to have the jury instructed that before the plaintiff could recover any except nominal damages, the burden was upon her to prove by a preponderance of the evidence that she had sustained substantial damages. To merely show that an illegal levy has been made is not sufficient to entitle the plaintiff to recover substantial damages. In order to recover such damages the burden is upon the plaintiff in an action of this nature to show not only that the act complained of is illegal, but that it was either malicious, oppressive, or that it was attended by specially aggravating circumstances.

14. EVIDENCE—*Appeal and Error—Objection to Evidence After Verdict.*—An objection to the admission of certain evidence after the verdict of the jury comes too late to be considered on appeal.

15. DISTRESS—*Illegal Distress—Excessive Damages—Case at Bar.*—In an action for illegal distress, where the notice of motion did not allege and the proof failed to disclose any special damages suffered by plaintiff, a verdict for plaintiff for $750.00 should be set aside as excessive.

Error to a judgment of the Circuit Court of the city of Norfolk in a proceeding by motion for a judgment for damages. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Herman A. Sacks,* for the plaintiff in error.

*Jas. G. Martin & Bro.*, for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

The defendant in error (plaintiff in the circuit court) filed a notice of motion against the plaintiff in error (defendant in the circuit court) to recover damages from him for illegally suing out a distress warrant and levying the same on her property for rent not due. The notice of motion is as follows:

"Take notice, That I shall, on the 8th day of February, 1923, at ten o'clock a. m., or as soon thereafter as I can be heard, move the Circuit Court of the city of Norfolk, Virginia, at the court house thereof, for a judgment against you for five thousand dollars ($5,000.00) due me from you by reason of the following facts, to-wit:

"That heretofore, to-wit, on the 21st day of February, 1922, you caused to be sued out from the justice of the peace of the city of Norfolk, Virginia, a levy upon my property for alleged rent due on property situated at No. 545 37th Street, Norfolk, Virginia, which said distress warrant was by the said high constable of the city of Norfolk, Virginia, levied on certain personal property belonging to me at No. 702 Olney Road, Norfolk, Virginia, which said distress warrant was maliciously sued out by you through your alleged attorney in an illegal and improper manner, in which said distress warrant you maliciously and knowingly claimed to be due you a certain sum of money which was not due and owing to you, and by reason of the aforesaid malicious, illegal and improper act upon your part I have been deprived of the use of said property and have been injured in my good name, fame and credit, and have been otherwise damaged to the extent of five thousand dollars ($5,000.00)."

Upon a trial of the case the jury found in favor of the plaintiff and assessed her damages at $750.00.

The material facts disclosed are as follows: The defendant, who was the owner of a certain building in the city of Norfolk, leased the same to the plaintiff, by a verbal lease, for the sum of $100.00 per month, payable in advance on the 20th day of the month. This arrangement continued for several months, when the defendant gave the plaintiff written notice to vacate the premises within thirty days. Pursuant to this notice plaintiff vacated the premises, owing the defendant the sum of $200.00 rent for the months of December, 1921, and January, 1922. On the 21st day of February, 1922, defendant claims that he found on the premises goods and chattels of the plaintiff. Thereupon, he employed an attorney, who, acting as the agent of defendant, obtained a distress warrant before a justice of the peace against the plaintiff, alleging that she was indebted to him in the sum of $300.00 for rent. This warrant was placed in the hands of a constable, who levied on certain goods of the plaintiff to satisfy the alleged indebtedness of $300.00.

On the 5th day of April, 1922, the plaintiff filed an affidavit pursuant to section 6519 of the Code, alleging that she had a substantial defense to the distress warrant. Thereupon, the papers were returned to the Corporation Court of the city of Norfolk. At the trial of the case the plaintiff admitted that she was indebted to the defendant (on the date she vacated the premises) in the sum of $200.00 for rent in arrears, but attacked the validity of the proceeding on the ground that the warrant was illegal, for the reason that the warrant was sued out for $300.00, while the correct amount due was only $200.00. On this question the trial court held against the plaintiff, and entered judgment in the sum of $200.00 in favor of defendant.

The plaintiff failing to satisfy this judgment, the high constable of the city of Norfolk was directed to sell, and after proper advertisement did sell, at public auction the furniture and household goods levied on, except certain furniture included in the levy, the property of Levy & Company, which was released.

On the 3rd day of November, 1922, the plaintiff filed a voluntary petition in bankruptcy in the District Court of the United States for the Eastern District of Virginia, and in due time received her discharge as a bankrupt. This action to recover damages was brought in January, 1923.

[1] The first assignment of error is the refusal of the trial court to sustain the motion of the defendant to dismiss the action on the ground that the plaintiff being a bankrupt at the time of bringing the action, the same should have been brought by her trustee in bankruptcy. There is no merit in this assignment.

It is to be observed that the notice expressly avers injury to good name, fame and credit. As to any damage suffered in this regard, the trustee in bankruptcy would not be entitled to recover. The only theory on which the trustee would be entitled to recover damages would be that there had been an unlawful taking or detention of, or injury to, the property of the bankrupt.

In the instant case, the property levied upon at a fair sale only brought the sum of $65.00. There is no contention upon the part of plaintiff that any injury was done the goods levied upon, or that any damage was suffered by reason of levying upon property vastly in excess of the amount necessary to discharge the debt. The gist of the action (and the proof so shows) was in being injured in her good name, fame and credit.

[2] In such a case the right of action does not pass to

the trustee in bankruptcy, but is a right which remains with the individual and dies with the decease of the person affected.   1 Corpus Juris, 191, and authorities cited.   See note to *Numpower* v. *City of Bristol*, 3 Va. L. Reg. 443; *Ross* v. *Hixon*, 46 Kan. 550, 26 P. 955, 12 L. R. A. 760, 26 Am. St. Rep. 123.

The second assignment of error is to the granting and refusing of certain instructions by the trial court.

[3] Before considering the instructions in detail, it is necessary to dispose of a question raised by the plaintiff, viz: "That Gurfein merely made a general objection to the refusal of this whole set of instructions, 'A', 'B', 'C' and 'D' and no exception as to each of them," and therefore this court cannot consider the alleged errors in regard to the granting and refusing of the instructions.   The certificate of exceptions number four sets forth that the instructions granted upon the motion of the plaintiff were granted over the objection of the defendant, "and to which action of the court in granting said instructions for the plaintiff the defendant excepted."

Certificate of exceptions number five is as follows: "The following instructions 'A', 'B', 'C', 'D' were asked for by the defendant and were rejected by the court, to which action of the court in rejecting said instructions the defendant duly excepted."

[4] In 3 Corpus Juris, page 902, it is said: "An exception is sufficiently specific if it could not have been misunderstood by the court or counsel, and if it can be clearly seen therefrom that the particular ruling or decision complained of was intended to be excepted to."

[5] Dealing with a similar objection, in *Richmond Passenger, etc., Co.* v. *Robinson*, 100 Va. at page 398, 41 S. E. 720, Judge Cardwell said:   "One bill of exception,

duly taken, will be regarded as sufficient to bring up for review, in an appellate court, all of the instructions given by the trial court over objections thereto, or all of those refused, though the exceptant may, in the appellate court, abandon his objection to any one or more of the rulings excepted to."

The objection of the plaintiff is without merit and the assignment of error will be considered.

[6-9] The first error complained of under assignment one is, (a) to the giving of instruction number 1, which reads as follows:

"The court instructs the jury that if they believe from the evidence that a levy was made for $300.00 of rent when only $200.00 was due, they should find for the plaintiff for fair damages for the wrong suffered."

Section 5783, Code of 1919, provides: "If property be distrained for any rent not due, or attached for any rent not accruing, or taken under any attachment sued out without good cause, the owner of such property may, in an action against the party suing out the warrant of distress or attachment, recover damages for the wrongful seizure, and also, if the property be sold, for the sale thereof."

The construction placed upon this statute by the revisors is found in a foot note to the section as follows: "This section was designed to meet both the case where no rent is due or accruing and the case where the distress or attachment is for more than is due or accruing. Rep. Rev. 1849, 735, note."

To the same effect is the construction placed upon the statute by Judge Burks in his Pleading and Practice, section 369.

The manifest intention of the statute is to prevent the landlord from oppressing his tenant. The right to sue in damages for an illegal distress was recognized at

common law and the enactment of the statute was in furtherance of the right so recognized. Volume 1, Barton's Law Pr. (2d ed.), page 200. The right to distrain or attach for rent has always been regarded by the courts as a most drastic one, and in order to restrain the landlord from a too free use of this power, he must exercise the same at his peril. The law presumes that he knows the amount of his tenant's indebtedness and ignorance on his part will not relieve him from compensatory damages for a mistake committed by him. In *Fishburne* v. *Engledove,* 91 Va. 558, 22 S. E. 356, Judge Buchanan said: "When a trespass is committed without fraud, malice, oppression or other special aggravation ( * * ) the object of the law is to give compensation for the injury suffered, and damages are restricted to that object." *Peshine* v. *Shepperson,* 17 Gratt. (58 Va.) 484, 94 Am. Dec. 468.

Tested by these principles, the right to recover (at least nominal damages), as stated in the instruction complained of, is sound doctrine. The vice in the instruction, however, and that which makes it erroneous, is the use of the words *"fair* damages for the *wrong* suffered." The instruction should have concluded with a direction to the jury to find for the plaintiff "such damages as will *compensate* her for the *injury* suffered."

It is more than probable that "fair" means more than "compensation" to the average individual, and when the jury were told to find *"fair damages"* for the *wrong suffered,* instead of being told they could only compensate for the injury done, they conceived the idea, no doubt, that they had the right to punish instead of the power to compensate.

(b) Instruction number 2, objected to by the defendant, is as follows:

[10] "The court instructs the jury that the decision of the corporation court that only $200.00 rent was due is binding evidence before this jury."

No specific objection is pointed out by the defendant to this instruction. The record shows that counsel for the defendant, in the trial of the distress warrant, conceded that the amount due defendant was $200.00 and only asked for judgment for that amount. As to the amount actually due, we think the judgment of the court on the trial of the distress warrant is conclusive; therefore, there is no merit in the assignment.

The third assignment of error is to the refusal of the court to give certain instructions requested by the defendant.

[11] Without setting forth instructions "A" and "B" in extenso, we are of the opinion that the ruling of the trial court in this regard was without error. The instructions ignore the right of the plaintff to recover nominal damages where an illegal levy hais been made. This, as we have pointed out, is not the correct construction of the statute.

[12] Instruction "C" is erroneous for the same reason and is also erroneous for the further reason that it makes the price obtained at a forced sale the sole criterion as to the value of the goods levied on. The value of the property at the time of the levy is a question of fact to be determined by the court or the jury trying the issue.

Instruction "D," refused by the trial court, is as follows:

"The court instructs the jury that the burden is on the plaintiff to prove, by a preponderance of the evidence, that she sustained damages by reason of the defendant suing out a distress warrant against her for rent for an amount in excess of that which was actually

due by the plaintiff to the defendant; and, therefore, if you believe from the evidence that the value of the goods levied on under said distress warrant, as determined by the amount it was sold for by the high constable of the city of Norfolk, Virginia, at public auction, was less or no more than the amount actually due for rent by the plaintiff to the defendant, then you must find for the defendant."

This instruction, in the form given, is erroneous, because it seeks to determine the value of the goods levied on by the amount for which the goods were sold.

[13] The defendant was entitled, however, to have the jury instructed that before the plaintiff could recover any except nominal damages, the burden was upon her to prove by a preponderance of the evidence that she had sustained substantial damages. To merely show that an illegal levy has been made is not sufficient to entitle the plaintiff to recover substantial damages. In order to recover such damages the burden is upon the plaintiff in an action of this nature to show not only that the act complained of is illegal, but that it was either malicious, oppressive, or that it was attended by specially aggravating circumstances.

[14] The next assignment of error challenges the action of the court in permitting the plaintiff to testify that her roomers left after the levy was made on her furniture. The certificate of exception number 7 shows that this evidence was objected to after the verdict of the jury. This objection comes too late to be considered by this court. *Newberry* v. *Williams*, 89 Va. 298, 15 S. E. 865; *Norfolk* v. *Johnakin*, 92 Va. 285, 26 S. E. 830.

The refusal of the court to set aside the verdict of the jury, on the ground that the same was contrary to the law and the evidence, is assigned as error. As the

case will have to be reversed on other grounds, it is unnecessary to consider this assignment.

[15] The last assignment of error relates to the action of the court in refusing to set aside the verdict because the damages assessed are excessive. We are plainly of the opinion that this assignment is well taken. The notice failed to allege, and the proof does not disclose, any special damages suffered by the plaintiff.

For these errors the judgment of the circuit court must be reversed and a new trial awarded, to be had in accordance with the views expressed in this opinion.

*Reversed.*