In re Bruce Akers MUSGROVE, Debtor.

Bankruptcy No. 7-80-00461.

United States Bankruptcy Court, W. D. Virginia.

Jan. 2, 1981.

Mark E. Feldmann, Roanoke, Va., for debtor.

G. Steven Agee, Roanoke, Va., Trustee.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The chief issue here is the debtor's exemption rights to a personal injury claim against employer Norfolk and Western Railway Co. (N & W) under the Federal Employers Liability Act (FELA) 45 U.S.C. § 51 *et seq.* Also at issue is exempt wages.

The facts are virtually without dispute and are as follows: Bruce Akers Musgrove (Debtor) sustained an injury to his left arm while in the course of his employment as a brakeman for the N & W on April 29, 1978. After sustaining a loss of earnings as well as a loss of employer contributions to a retirement program for approximately 142 days, the Debtor returned to work on or about October 15, 1978 but in a different capacity. Evidence indicates permanent 5% disability to the Debtor's left arm.

N & W as a common carrier engaged in interstate commerce, is liable in damages to its employees for personal injuries sustained in the course of their employment which result from negligence on the part of the railroad under 45 U.S.C. § 51 *et seq.*

The Debtor maintains that his April 29, 1978 injury gave rise to a cause of action against his employer, N & W for damages he sustained.

On April 29, 1980, the Debtor filed a petition in this Court seeking a discharge of his debts under Chapter 7 of Title 11 U.S.C. § 701 *et seq.* Being unable to estimate its actual value, the Debtor listed his cause of action against N & W under FELA as a contingent and unliquidated claim for damages arising out of personal injury on Schedule B–2 of his petition. The Debtor also listed this cause of action among exempt property claimed on Schedule B–4 filed with the petition. The Debtor claims the personal injury cause of action is exempt pursuant to 11 U.S.C. § 522 with up to $3,193.45 specifically claimed as exempt by virtue of *Va.Code Ann.* § 34–4 pursuant to a homestead deed duly filed.

The Trustee contends that the value of the claim is not exempt property and has filed a brief in support of that position. Counsel for debtor likewise filed brief in support of debtor's position.

The second factual dispute regards the rights of the Debtor's paycheck from N & W dated April 28, 1980 in the amount of $392.25, representing his net disposable income for the ten-day period immediately preceding the bankruptcy filing on April 29, 1980. The check is now with the Trustee being held subject to the Debtor's claim to all but 25% of his earnings represented by the check as exempt property within the meaning of 11 U.S.C. § 522 by virtue of *Va.Code Ann.* § 34.29.

## QUESTIONS PRESENTED

1. Whether a personal injury cause of action representing a contingent and unliquidated claim for damages against N & W constitutes property of the bankruptcy estate under 11 U.S.C. § 541 which is then exempt under applicable state law within the intendment of 11 U.S.C. § 522(b)(2)(A).

2. Whether 75% of the Debtor's disposable earnings from N & W represented by a single check in the amount of $392.25 constitutes property of the estate under 11 U.S.C. § 541 which is then exempt under the applicable state law within the intendment of 11 U.S.C. § 522(b)(2)(A) and *Va. Code Ann.* § 34–29.

Following approximately 10 years of intensive study by various commissions as well as governmental and Congressional committees, a new bankruptcy code emanated therefrom and became effective on October 1, 1979, repealing the Bankruptcy Act of 1898.

In the consideration of this issue, it is appropriate to refer to prior law on the subject. Under prior law, exempt property of the debtor never vested in the trustee except for the sole purpose of the trustee affirmatively setting same apart to the

debtor. Under former *Rule of Bankruptcy Procedure* R. 403(b) the trustee filed a report setting apart the exemption. This rule was derived from former Sec. 47(a)(6) (11 U.S.C. § 75) and General Order 17(2) and stated thusly:

"*(b) Trustee's Report.* The trustee shall examine the bankrupt's claim for exemptions, set apart such as are lawfully claimed and allowable, and report to the court the items set apart, the amount or estimated value of each, and the exemptions claimed that are now allowable. The report shall be filed with the court no later than 15 days after the trustee qualifies. If the trustee reports that any exemption claimed is not allowable, he shall forthwith mail or deliver copies of the report to the bankrupt and his attorney."

Under § 70 of the Old Act, (11 U.S.C. § 110), the trustee of a bankrupt's estate became vested by operation of law with the title of the bankrupt as of the date of the filing of the petition in bankruptcy. Section 70(a)(5) stated:

"a. The trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this Act, except insofar as it is to property which is held to be exempt, to all of the following kinds of property wherever located (5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered: *Provided,* That rights of action ex delicto for libel, slander, injuries to the person of the bankrupt or of a relative, whether or not resulting in death, seduction, and criminal conversation shall not vest in the trustee *unless by the law of the State* such rights of action are subject to attachment, execution, garnishment, sequestration, or other judicial process ..." (emphasis added)

The determination of whether title to such "property" as rights of action for injuries *ex delicto* passed to the trustee under § 70(a)(5) required reference to and construction of applicable state law. In this there were considerable conflict among the States. A majority of the cases examined showed that such rights of action *ex delicto* did not pass to the trustee. *See In re Buda,* 323 F.2d 478 (7th Cir. 1963); *In re Anderson,* 345 F.Supp. 840 (E.D.Penn.1972); *See especially Ruebush v. Funk,* 63 F.2d 170 (4th Cir. 1933) and for a thorough discussion of the issues *In re Schmelzer,* 350 F.Supp. 429 (S.D.Ohio 1972).

It is abundantly clear, as the Debtor has pointed out, that a debtor's unliquidated and contingent right of action for personal injury damages would not have passed to the trustee under the 1898 Act. However, after October 1, 1979, the effective date of the new Bankruptcy Reform Act of 1978, the mere filing of a petition creates among other things an estate which is described thusly:

"11 U.S.C. § 541

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case."

Hence, under the foregoing, all property, including exempt property, come into the estate. Once having come into the estate, exempted property including "fresh start" property which is property claimed by the debtor to be so exempt, is permitted to be exempted in accordance with 11 U.S.C. § 522, the exemption section. 11 U.S.C. § 522(b)(1), (2) reads:

"(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

(1) property that is specified under subsection (d) of this section, unless the

State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law."

This section is qualified at subsection (b) with the language "Notwithstanding section 541 of this title . . . ." According to the legislative history accompanying § 541, after the property is collected into the estate, the Debtor is then permitted to exempt certain items specifically enumerated under 11 U.S.C. § 522(d). This Court has jurisdiction to determine such exemptions as they may arise *See Historical and Revision Notes* 11 U.S.C.A. § 541, p. 106 (1979).

The Congress after creating a "federal" exemption in the Code nevertheless deemed it appropriate to allow each state the opportunity to opt out of or mandate its own exemption laws. The language relied on is from 11 U.S.C. § 522(b) quoted above. Thereafter, the Virginia legislature enacted *Va.Code Ann.* § 34–3.1 (1980 Cum.Supp.) Acts of 1979, C. 692 which opted Virginia out of the "federal" exemption and denied Virginia debtors the right to choose the federal exemptions set out in § 522(d). The cited Virginia Code section reads:

"No individual may exempt from the property of the estate in any bankruptcy proceeding the property specified in subsection (d) of § 522 of the Bankruptcy Reform Act (Public Law 95–598), except

as may otherwise be expressly permitted under this title."

The "federal exemption" that Congress provided for in similar cases as the case at bar is as follows:

"(d) The following property may be exempted under subsection (b)(1) of this section

(11) The debtor's right to receive, or property that is traceable to—. . .

(D) a payment, not to exceed $7,500.00 on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or

(E) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor."

Hence, in so far as the issue here is concerned, the prior law is again applicable. The federal exemption contained in (d) *supra* has been supplanted by *Va.Code Ann.* § 34–3.1 *supra*. We therefore look at the debtor's right to exemption under current Virginia law.

As this is a case of first impression in Virginia, so far as this Court is advised, we must apply the line of authority that best comports with the underlying policies of the Bankruptcy Code and the current law on this subject in Virginia.

The Fourth Circuit Court of Appeals in *Ruebush v. Funk,* 63 F.2d 170 (4th Cir. 1933), relying on section 70(a)(5) of the prior Act, held that personal injury damages were not "property which a bankrupt could transfer" nor such "right of action" as entitled trustee to proceeds, where no judgment had been rendered.

The Debtor contends that his claim for personal injury damages is a personal right not property subject to the right of the trustee, and that it is "exempt" property under the applicable Virginia law. His contention appears to be supported by the authorities because such a personal right is

neither assignable nor subject to being reached by creditor process, the cause of action for personal injury damages belongs, quite properly to the Debtor. In 1A *Collier* ¶ 6.13 (14th ed. 1978), we find this response to the problem at bar:

> ... it is not the intent of § 6 [of the predecessor Act] to enlarge the exemptions available to a bankrupt under the state or federal law, but wherever the property is not subject to levy and sale under a state or federal statute, such property cannot be made to respond ... to the demands of general creditors under the Act."

■ The parties have admitted that whatever interest the Debtor has in the personal injury claim, it is a contingent and unliquidated cause of action. Such a cause of action cannot be assigned by the Debtor under Virginia law. *Va.Code Ann.* § 8.01–26 (1977 Repl.Vol.) reads:

> Only those causes of action for damage to real or personal property, whether such damage be direct or indirect, and causes of action *ex contractu* are assignable. (emphasis added)

The only reason that assignability and survivability are even mentioned is that the trustee assumed that the enactment of *Va. Code Ann.* §§ 8.01–25 & 8.01–26 vitiated the common law effect of the two actions. Clearly, common law recognizes immunity from creditor process against personal injury causes of action. *See City of Richmond v. Hanes*, 203 Va. 102, 122 S.E.2d 895 (1961), *Ruebush v. Funk, supra.* Such a cause of action at common law is not assignable under § 8.01–26 notwithstanding that it would survive the Debtor's death under § 8.01–25. It was the obvious intent of the legislature to give to survivors of decedents the cause of action set forth in § 8.01–25 rather than have it expire upon the death of the party having same.

A recent law review article entitled "Virginia's Exemption Statutes"—the author is in agreement with the Debtor's position and states that the rule in Virginia is that a debtor's unliquidated and contingent personal injury claim is exempt property with-

in the meaning of 11 U.S.C. § 522. The following is quoted:

> "[t]he only instance in which the [Bankruptcy Code] exemption is less generous than Virginia's is the personal injury claim. In Virginia, a personal injury claim is exempt from execution. *City of Richmond v. Hanes*, 203 Va. 102 [122 S.E.2d 895] (1961) ... while § 522(d)(11)(D) limits protection to no more than $7,500.00 for actual pecuniary loss plus compensation for loss of future earnings to the extent necessary to support the debtor and dependents. *See also* § 522(d)(11)(E). 37 Wash. & Lee L.Rev. 128 (1980) at f.n. 7."

■ The language of § 8.01–26 and of the cases cited herein make it clear that an unliquidated and contingent claim such as the one at bar, an FELA claim, is neither assignable nor subject to the reach of creditor process under Virginia law and is therefore exempt property pursuant to 11 U.S.C. § 522(b)(2)(A). It is so ORDERED.

■ The second issue involves simple statutory construction of *Va.Code Ann.* § 34–29 (1980 Cum.Supp.). The Debtor argues that § 34–29 under Chapter 4 of Title 34 entitled "Wages Exempt" limits the amount which the Trustee is eligible to receive to a maximum of 75% of Debtor's last paycheck. The face amount of the check was $392.25 of which Debtor claims $294.69 (or 75%) is exempt property. This is the authorized exemption to which debtor is entitled. The sum in excess thereof is property of the estate to be administered by the trustee and to which the trustee's powers reach. See 11 U.S.C. § 544 and § 541 *supra.* It is accordingly so ORDERED.