In re Henry Clay TIGNOR, Debtor.

Bankruptcy No. 80–01282.

United States Bankruptcy Court,
E. D. Virginia,
Richmond Division.

June 24, 1982.

R. Shawn Majette, Parkinson & Majette, Richmond, Va., for plaintiff.

John L. Gayle, Richmond, Va., for defendant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon the filing by William C. Parkinson, Jr., the Trustee herein, of an objection to the Debtor's amended claimed exemptions. After hearing and upon the filing of briefs and upon agreement by counsel of the relevant facts, this Court makes the following determination.

## STATEMENT OF THE FACTS

Henry Clay Tignor (Tignor), the Debtor herein, was injured while in the course of his employment with the Richmond, Fredericksburg & Potomac Railroad Company on November 9, 1978. On August 18, 1980, Tignor filed a voluntary petition under Chapter 7 of the Bankruptcy Code listing debts in excess of $36,000.00. He listed in his bankruptcy schedules as an asset a pending suit against his employer for a personal injury. At that time he did not seek to exempt the personal injury claim or the anticipated proceeds thereof.

On June 5, 1981, Tignor settled his claim against the railroad for the sum of $150,-000.00. The Debtor received a net settlement after attorney's fees in the amount of $105,000.00. On October 20, 1981, Tignor filed amended bankruptcy schedules exempting the proceeds of the personal injury

settlement and the Trustee filed his objection to these amendments on October 30, 1981.

## CONCLUSIONS OF LAW

■ Bankruptcy Rule 110 provides in pertinent part "[a] voluntary petition, schedule, or statement of affairs may be amended as a matter of course at any time before the case is closed." The Trustee argues Tignor should not be permitted to amend his schedules because allowing an amendment at this time would work an intolerable injustice on his creditors. Bankruptcy Rule 110, however, is clear and unambiguous and permits a debtor to amend his schedules before a case has been closed.[1] *In re Gershenbaum*, 598 F.2d 779, 780 (3rd Cir. 1979). The Trustee suggests that Local Rule of Court 23(C) mandates the debtor must claim his exemptions no later than the first meeting of creditors.[2] This rule cannot be construed to limit the debtor's right under Bankruptcy Rule 110 to amend his schedules at any time. Local Rule 23 deals with the procedure by which an objection to an exemption must be filed. It is within the equitable power of this Court to grant a creditor leave to file its objection late in order to avoid prejudicing a creditors' rights through a strict adherence to the rule. *See, e.g., In re Magouirk*, 16 B.R. 883 (9th Cir. Bkrtcy.App., 1982).

■ This Court also faces the issue in this proceeding whether a debtor's cause of action for personal injuries constitutes exempt property under Virginia law. 11 U.S.C. § 541 provides in pertinent part that the commencement of a case "... creates an estate ... comprised of ... all legal or equitable interests of the debtor in property as of the commencement of the case." A cause of action for a personal injury claim is clearly an interest of the debtor which is property of an estate. *In re Musgrove*, 7 B.R. 892, 894 (Bkrtcy.W.D.Va.1981). Although Congress created Federal exemptions for debtors, it gave each state the opportunity to opt out of the Federal exemption scheme and require debtors to use state exemptions in bankruptcy cases.[3] 11 U.S.C. § 522(b)(1). The Virginia Legislature pursuant to this section denied debtors in Virginia the right to use Federal exemptions. *Va.Code Ann.* § 34–3.1 (1981 Cum. Supp.). This Court must examine the Virginia exemption scheme in determining whether a debtor's cause of action for a personal injury may be exempted from the property of the estate. Tignor now seeks pursuant to 11 U.S.C. § 522(b)(2)(B) to exempt from the property of this estate this cause of action. Section 522 provides in pertinent part that "[n]otwithstanding of § 541 of this title, an individual debtor may exempt from property of the estate ... any property that is exempt under ... State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceeding the date of filing of the petition, or for a longer portion of such 180 day period than in any other place ...."

■ In using a state's exemption scheme, the debtor may avail himself of both the legislative and judicial exemptions. Thus property which is protected from creditors by state law, albeit legislative or judicial,

---

1. This general rule is not absolute. For example, if the trustee, relying on the debtor's failure to claim property exempt, takes possession of that property and liquidates it and the debtor at a later date seeks to amend his schedules and claim the funds received upon liquidation exempt, courts should deny the debtor the right to amend his exemptions. *See, e.g., In re Houck*, 9 B.R. 460 (Bkrtcy.E.D.Mich.1981). In the instant case the debtors, without the trustee's assistance, prosecuted the cause of action to its conclusion. The debtors maintained control over the suit and the trustee never took possession of the cause of action.

2. Local Rule of Court 23(C) provides in pertinent part "[a]n objection to property claimed by the debtor under § 522(b) of the Bankruptcy Code must be filed within twenty (20) days after the debtor's examination at the 341 meeting ...."

3. "The States may, by passing a law, determine whether the Federal exemptions will apply as an alternative to State exemptions in bankruptcy cases." 124 CONG.REC. H 11,095 (daily ed. Sept. 28, 1978); S17,412 (daily ed. Oct. 6, 1978).

may be exempted pursuant to § 522(b)(2)(A). *See* Vukowich, *Debtor's Exemption Rights under the Bankruptcy Reform Act,* 58 N.C.L.REV. 769, 776 (1980). In Virginia personal injury claims are exempt from creditor process. Although no Virginia statute explicitly recognizes that personal injury causes of action are exempt, courts construing Virginia law have held that common law recognizes such causes of action are immune from creditor process and thus are exempt. *Musgrove* at 896. *See also,* Ulrich, *Virginia's Exemption Statutes—The Need for Reform and a Proposed Revision,* 37 WASH. & LEE L.REV. 127, 128 n. 7 (1980). A proper reading of § 522(b)(2)(A) treats "exempt" as meaning immune from process. *In re Ford,* 3 B.R. 559, 574 (Bkrtcy., Md., 1980), *affirmed sub nom. Greenblatt v. Ford,* 638 F.2d 14 (4th Cir. 1981).

Under prior law, bankruptcy trustees were not vested with title to personal injury causes of action which prior to bankruptcy were nontransferable or not subject to judicial process.[4] The Virginia Supreme Court, holding that title to such causes of action did not pass to the trustee, noted Virginia law provides that a right of action for a personal injury is nontransferable.[5] *Dillard v. Collins,* 66 Va. (25 Gratt.) 400, 401

(1874). The Court concluded that a right of action for a personal injury suit remained with the individual and could not be transferred to the bankruptcy trustee.[6] *Id. See also, City of Richmond v. Hanes,* 203 Va. 102, 122 S.E.2d 895 (1961); *Gurfein v. Howell,* 142 Va. 197, 128 S.E. 644, 646 (1925). The Fourth Circuit Court of Appeals cited this line of cases in *Ruebush v. Funk,* 63 F.2d 170 (4th Cir. 1933), and noted that a cause of action for a personal tort cannot be assigned before judgment and no action can be maintained upon it. *Ruebush* at 173.

These cases are grounded in the strong and sound public policy that a cause of action for a personal injury should be saved to the debtor alone. The court in *Hanes* noted that this rule is ". . . based on principles of public policy to discourage champerty and maintenance." *Hanes,* 122 S.E.2d at 898.

Based upon this reasoning, and applying ". . . the line of authority that best comports with the underlying policies of the Bankruptcy Code and the current law on the subject in Virginia," the *Musgrove* court concluded Virginia law exempts personal injury causes of action from creditor process. *Musgrove* at 895. *See also, In re Schmelzer,* 480 F.2d 1074 (6th Cir. 1973).[7]

---

**4.** Section 70(a)(5) provided "property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, for libel, slander, injuries to the person of the bankrupt or of a relative, whether or not resulting in death, seduction, and criminal conversation shall not vest in the trustee unless by the law of the State such rights of action are subject to attachment, execution, garnishment, sequestration, or other judicial process . . ."

**5.** "Only those causes of action for damage to real or personal property, whether such damage be direct or indirect, and causes of action ex contractu are assignable." *Va.Code Ann.,* § 8.01–26 (1977 Rep. Vol.).

**6.** The *Dillard* Court held ". . . the words 'rights of action' . . . only include . . . rights of action founded on contracts, or for injuries to property, and not rights of action for torts, which are purely personal . . . ." *Dillard* at 401.

**7.** In *Schmelzer,* the court faced the issue whether title to the bankrupt's unliquidated claim for damages for personal injuries vested in the trustee pursuant to § 70(a)(5) of the Act. The court concluded that although the Ohio law was vague and that State's highest court had never faced the issue, a claim for personal injuries is not subject to judicial process. In reaching this decision, the court stated "[t]hese goals [fresh start policy] of the Bankruptcy Act can hardly be achieved if the trustee is permitted to take over the bankrupt's unliquidated claims for serious personal injuries including claims for future pain and suffering, continued disability, and loss of earnings in the future. It seems almost against public policy to permit the trustee in bankruptcy to prosecute such an action in his own name." *Id.* at 1077. Note that Virginia case law provides better support for this conclusion than did Ohio law when the *Schmelzer* opinion was issued. This Court finds the *Schmelzer* Court's approach persuasive in its application of ambiguous Ohio law and of the underlying policy considerations of bankruptcy law.

Debtors ought to be allowed to retain sole title to causes of action for personal injuries because those injuries may diminish a debtor's future earning power. Because of the fresh start policy of bankruptcy,[8] it would be unfair and inconsistent to give creditors a bonanza on account of a debtor's injuries. "It is not, and never has been, the policy of the law to coin into money for the profit of his creditors, the bodily pain, mental anguish or outraged feelings of a bankrupt. None of the Federal or English bankruptcy acts, nor our own insolvency statutes, have gone to that length." *Sibley v. Nason*, 196 Mass. 125, 81 N.E. 887, 888 (1907). A debtor's creditor's position should not be improved merely because the debtor has suffered a personal injury. The proceeds from the cause of action should be available to effectuate the debtor's fresh start. It is foreseeable that some debtors might receive windfalls to the detriment of creditors whose claims are discharged. If the cause of action had been reduced to judgment or settled prior to the filing of the petition, the proceeds would have constituted an asset of the bankruptcy estate. The debtor would suffer the loss of these proceeds except to the extent he could avail himself of the use of the state exemption statutes. These inequities ought not alter the conclusion reached herein.

In *Musgrove* the Bankruptcy Court sitting in the Western District of Virginia faced this same issue and reached the same conclusion which this Court reaches today. The facts of the instant case are virtually identical to the facts in *Musgrove*. The debtor sustained an injury while in the course of his employment with Norfolk and Western Railroad Company and claimed exempt his interest in a personal injury claim against that company under the Federal Employers Liability Act. The court citing *Hanes* and *Ruebush* noted that "... common law recognizes immunity from creditor process against personal injury causes of action." *Musgrove* at 896. The court concluded that because an unliquidated and contingent personal injury cause of action is neither assignable nor subject to the reach of creditors' process under Virginia law it is exempt pursuant to § 522(b)(2)(A).

Support for this conclusion comes from Congress' inclusion of an exemption for personal injury claims in § 522(d)(11) of the Bankruptcy Reform Act. That section provides that debtors who choose the Federal exemptions may exempt "... a payment, not to exceed $7,500.00, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent ...." Such claims were exempt under the Bankruptcy Act and Congress in enacting § 522(d)(11) recognized the need to exempt to some extent this kind of property. Furthermore, for those debtors who have a choice between using Federal or state exemptions, § 522(d)(11) increases the attractiveness to debtors of using the Federal exemption.

The Trustee agrees the facts and issues found in *Musgrove* are almost identical to those found in the instant case; however, he argues that *Musgrove* was decided wrongly. The Trustee has three chief arguments. First, he asserts that the assignability of a cause of action is immaterial in determining whether the cause is exempt. Although a cause of action's assignability is not controlling on the exemption issue, it reflects the underlying common law view that a right to pursue a personal injury claim should remain solely with the debtor. *Musgrove* at 896. Allowing others to pursue such a claim would clearly be against sound public policy. The *Musgrove* court rightly considered the relevance of assignability of claims. Second, the Trustee contends that common law does not recognize an exemption for personal injury causes of action. Although the Virginia Supreme Court has not passed directly on that issue,

---

8. The basic purpose of the Bankruptcy Act is to give the debtor a "... new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt ..." *Local Loan Co. v. Hunt*, 292 U.S. 234, 244–245, 54 S.Ct. 695, 699–700, 78 L.Ed. 1230 (1945).

dicta found in that court's decisions coupled with federal bankruptcy policy, establish that exemption. Third, the Trustee argues that exemptions are solely the creatures of constitutions and statutes and are not the product of the common law. This contention is clearly wrong. This Court must respect exemptions created by the common law of Virginia. *Ford* at 573.

Judge Hal J. Bonney, Jr., in the Norfolk Division of this District recently held in *In re Tidwell*, 19 B.R. 846 (Bkrtcy.E.D.Va., 1982) that a cause of action for wrongful death is an asset of a bankruptcy estate and that a debtor may not claim that cause of action exempt. In *Tidwell* the debtor attempted to exempt causes of action for the wrongful deaths of his mother and father. Because the Virginia wrongful death statute creates in the decedent's personal representative a right of action for the purpose of compensating the decedent's statutory beneficiaries for their loss, the debtor actually had no right to the causes of action. *Va.Code Ann.* § 8.01–50 (1981, Cum.Supp.). Instead, he had a contingent right to the proceeds of that cause of action. See, *Va. Code Ann.* § 8.01–53 (1981, Cum.Supp.). The Virginia wrongful death statute confers on the decedent's personal representative a new and original right of action the object of which is to compensate the beneficiaries for their loss. *Wilson v. Whittaker*, 207 Va. 1032, 154 S.E.2d 124, 127–129 (1967). The debtor's right to the proceeds was a property right. See *Van Beeck v. Sabine Towing Co.*, 300 U.S. 342, 349, 57 S.Ct. 452, 455, 81 L.Ed. 685 (1937). As a property right, it was subject to creditor process, and was not exemptable from the debtor's estate. See, Note, *Wrongful Death: Assignment of Right to Potential Proceeds*, 27 WASH. & LEE L.REV. 384 (1969).

The case at bar is distinguishable from *Tidwell* because the right of action at issue is a personal injury right of action. When a right of action is strictly personal, only the one who holds that right may exercise it. The right is not assignable and it is not subject to creditor process. *Va.Code Ann.* § 8.01–26 (1977 Rep. Vol.).

The instant case is also factually distinguishable from *Tidwell*. The personal nature of the harm and the increased duress of economic loss distinguish personal injury rights of action from rights of action for wrongful death. "The law has long recognized that the personal injury victim is entitled to greater protection than one whose loss is merely pecuniary. Similarly, the loss of the personal injury victim and his dependents is often more serious than the loss of mere property to the debtor." Ulrich at 142–143 (footnotes omitted).