Robert Clay **EANES, et al., Appellants,**

v.

Jesse W. **SHEPHERD, et al., Appellees.**

Civ. A. No. 82–0081–C.

United States District Court,
W.D. Virginia,
Charlottesville Division.

May 23, 1983.

David C. Sutton, Charlottesville, Va., for appellants.

Leroy R. Hamlett, Jr., Ralph E. Main, Jr., Herbert E. Maxey, Jr., Helen P. Parrish, Ross W. Krumm, Charlottesville, Va., for appellees.

## MEMORANDUM OPINION

JAMES H. MICHAEL, Jr., Bankruptcy Judge.

Appellants, Robert Clay and Janice Tew Eanes, bring this appeal challenging the final decision of the United States Bankruptcy Court for the Western District of Virginia handed down in a Memorandum Opinion and Order dated August 13, 1982. The question presented on appeal is whether the Bankruptcy Court erred in holding that the appellant-debtor may not exempt from the property of the bankrupt estate a personal injury cause of action. Appellants also contend that the Bankruptcy Court erred in failing to dismiss the joint objections filed by Jesse W. and Elizabeth F. Shepherd to appellants' claim of exempt property for failure to file within the time prescribed by Local Bankruptcy Rule 4005. Having been fully briefed, this appeal is now ripe for disposition.

On February 25, 1982, Robert C. Eanes, the appellant-debtor (hereinafter debtor) filed a petition constituting an order for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. Debtor listed a cause of action for personal injury arising from an automobile accident as a contingent and unliquidated claim for damages for personal injury on Schedule B–2 filed with the petition. He also listed this claim among exempt property shown on Schedule B–4 filed with the petition. The debtor contends that his personal injury cause of action is exempt property under applicable state law pursuant to 11 U.S.C. § 522(b)(2)(A) of the Bankruptcy Code with

up to the amount of $4,375.00 specifically claimed as exempt by virtue of § 34–4 of the Code of Virginia pursuant to the homestead deed filed in the Clerk's Office of the Circuit Court of Fluvanna County prior to the date of filing of the petition.

The trustee appointed in this case declined to object to the debtor's claim of exemption for his personal injury cause of action. However, several creditors of the debtor did file objections to the debtor's claim that the value of the personal injury cause of action was exempt property in so far as the value exceeds the amount of $4,375.00 claimed under the homestead exemption and deed. The joint objections filed by Jesse W. and Elizabeth F. Shepherd were filed with the court sixteen days following the date of the meeting of creditors, allegedly in violation of Local Bankruptcy Rule 4005.

On November 14, 1980, the debtor sustained personal injuries as a result of an automobile accident. The debtor maintains that these injuries gave rise to a legal cause of action against the negligent parties for damages he sustained including, but not limited to, lost earnings, pain and suffering, medical costs, diminished future earning capacity, and the cost of future medical treatments and operations necessitated by the injury. The statute of limitations for such a cause of action would not expire until after the date of filing of appellant's petition in Bankruptcy.

Debtor argued in the court below that his unliquidated, contingent claim for personal injury constituted property "exempt" under the law of Virginia, because such a property was not assignable by the debtor nor subject to any form of creditor process under Virginia law. Debtor contended that the provisions of § 522(b)(2), which state in pertinent part that "notwithstanding § 541 of this title, an individual debtor any exempt from property of the estate . . . any property that is exempt under state or local law that is applicable on the date of filing of the petition . . .", permit him to look to judicial, as well as statutory law for the determination of what property may be exempted.

The creditors argued that Virginia Code § 34–3.1 (1981 Cum.Supp.), which states that, "no individual may exempt from the property of the estate the property specified in subsection (d) of § 522 of the Bankruptcy Reform Act, except as may otherwise be expressly permitted under this title" is the exclusive source of permitted exemptions, and since no express exemption for personal injury claims is stated in Title 34, the claim must be included in the bankrupt estate. Creditors further argued that, even if resort to common law is permitted, such personal injury claims are subject to creditor process and are therefore not property subject to exemption.

The Bankruptcy Court rejected debtor's arguments, holding that Virginia Code § 34.3–1 controls what property may be held exempt from a bankrupt estate, and since there is no provision in Title 34 expressly permitting an individual to exempt a personal injury claim, debtor's claim for personal injury did not constitute an exemption within the meaning of 11 U.S.C. § 522. Both in the court below, and on appeal, the debtor submits that under 11 U.S.C. § 522, all applicable law of the state or locality, judicial and statutory, is an appropriate source for the determination of what property of the bankrupt may be taken as an exemption, and secondly, that under Virginia common law, claims for personal injury have long been recognized as non-transferable and immune from creditor process, thereby rendering such claims exempt from inclusion in the debtor's estate.

Under the Bankruptcy Reform Act of 1978, 11 U.S.C. § 101 et seq., the definition of the bankrupt's estate was changed. 11 U.S.C. § 541 defines the bankrupt's estate to include all legal and equitable interest in property, including property of the debtor needed for a fresh start. Whether the property of the estate may be given exempt status is determined by provisions of § 522 of the Code which begins, "[N]otwithstanding § 541 of this title, an individual debtor may exempt from property of the estate . . .". Thus, under the Code, even property held to be exempt will initial-

ly become property of the estate and will remain in the estate until such time as the exemption is taken. Consequently, 11 U.S.C. § 541(a)(1) makes the debtor's unliquidated and contingent right of action for damages for personal injury property of the bankrupt estate. The question becomes whether the claim may be exempted from the estate under 11 U.S.C. § 522(b)(2)(A).

Section 522 states in pertinent part:

(b) Notwithstanding section 541 of this Title, an individual debtor may exempt from property of the estate—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, . . .

11 U.S.C. § 522(b).

■ Thus, Congress, after creating a "federal" exemption in the Code, deemed it appropriate to allow each state the opportunity to "opt out" of the exemptions listed in § 522(d) or mandate its own exemption laws. As a result, the Virginia General Assembly enacted Virginia Code § 34–3.1 (1982 Cum.Supp.) which opted Virginia out of the "federal" exemptions and denied Virginia debtors the right to choose the federal exemptions stated in § 522(d).

Section 522 provides in pertinent part that, "notwithstanding § 541 of this title, an individual debtor may exempt from property of the estate . . . any property that is exempt under federal law other than subsection (d) of this section or state or local law that is applicable on the date of the filing of the petition . . .". Thus, although the Virginia General Assembly has denied Virginia debtors the exemptions set forth in § 522(d), Virginia debtors may, in accordance with § 522(b)(2)(A) exempt from property of the estate property that is

exempt under federal law, other than the exemptions listed in § 522(d), or property exempt under state or local law. Consequently, in order for this court to determine that appellants are entitled to the exemption, this court must find that Mr. Eanes' personal injury cause of action is exempt under federal non-bankruptcy law or applicable state and local law.

In deciding the question presented, the Bankruptcy Court reasoned that since nowhere in Title 34 of the Virginia Code is a contingent and unliquidated personal injury claim an expressly permitted exemption, such a claim is therefore not exempt under Bankruptcy Code § 522(b). In so holding, the Bankruptcy Court apparently relied on Virginia Code § 34–3.1 (1982 Cum.Supp.), and the holding in *In re Dummitt,* 2 B.R. 136 (Bkrtcy.W.D.Va.1980), which held that no exemption exists unless the express language of Title 34 so provides.

■ Section 34–3.1 reads as follows: Property specified in Bankruptcy Reform Act not exempt. No individual may exempt from the property of the estate in any bankruptcy proceeding the property specified in subsection (d) of § 522 of the Bankruptcy Reform Act, except as may otherwise be expressly permitted under this Title.

Virginia Code § 34–3.1 (1982 Cum.Supp.). Reliance on this statute is misplaced. 11 U.S.C. § 522(b)(1), the authority for this "opting out" statute, does not give the states the power to "opt out" of § 522 in its entirety, but the power is clearly limited by its language to excluding only the federal exemption specified in § 522(d). *Bass v. Thacker,* 5 B.R. 592 (Bkrtcy.W.D.Va.1980). *See also Farmer's & Merchants Bank v. Boyd,* 11 B.R. 690 (Bkrtcy.W.D.Va.1981). This court also finds the Bankruptcy Court's reasoning in *In re Dummitt, supra,* which held that no exemption exists unless permitted by the express language of Title 34 of the Virginia Code, to be erroneous and not supported by Virginia law. First, no Virginia case or statute stands for the proposition that exemptions only exist where expressly provided for in Title 34. In addi-

tion, numerous exemptions are provided for in other titles of the Virginia Code. 11 U.S.C. § 522(d) grants a property exemption to the debtor's right to receive public assistance benefits. A review of the statutes under Title 34 reveals no exemption for welfare benefits. However, Virginia Code § 63.1–88 (1980 Repl.Vol.) specifically exempts public assistance from the operation of bankruptcy laws. Similarly, compensation to crime victims (§ 19.2–368.-12(A)), Workmen's Compensation (§ 65.1–82), Life Insurance (§ 38.1–482), and Industrial Sick Benefits (§ 38.1–488), have each been given legislative protection as an exemption from the bankrupt estate, although Title 34 fails expressly to accord such properties exempt status. Consequently, this court finds no basis for the Bankruptcy Court's holding that exemptions are limited to those expressly provided for in Title 34 of the Virginia Code. Property is exempt under 11 U.S.C. § 522(b) if exempt under federal non-bankruptcy law or statutory or judicial Virginia law. *In Re Ford,* 3 B.R. 559 (Bkrtcy.Md.1980) *aff'd,* 638 F.2d 14 (4th Cir.1981).

Appellants contend that Mr. Eanes' unliquidated contingent claim for personal injury constitutes property that is exempt under the law of Virginia because such property is not assignable or subject to being reached by any form of creditor process under Virginia law. Appellees do not argue that Mr. Eanes' cause of action would not be exempt if neither assignable or subject to any form of creditor process under Virginia law, but rather assert that Mr. Eanes' claim is subject to several types of creditor process.

Appellees agree that a personal injury claim cannot be assigned. Virginia Code § 8.01–26 (1977 Repl.Vol.); *City of Richmond v. Hanes,* 203 Va. 102, 122 S.E.2d 895 (1961). They also agree that a contingent personal injury claim is not tangible personal property subject to levy or execution. Virginia Code § 8.01–478 (1977 Repl.Vol.). Finally, appellees concede that garnishment procedures would not apply to a personal injury claim. *Lynch v. Johnson,* 196 Va. 516, 84 S.E.2d 419 (1954).

■ Appellees submit, however, that a creditor can reach a contingent personal

injury cause of action by way of writ of *fieri facias,* pursuant to Virginia Code § 8.01–501 (1977 Repl.Vol.). Appellees' theory, however, is necessarily premised upon the ground that Virginia Code § 8.01–501 is broad enough to include a "chose in action". *See Evans v. Greenhow,* 56 Va. (15 Gratt.) 153 (1859). However, in *Dillard v. Collins,* 66 Va. (25 Gratt.) 343 (1874), the Virginia Supreme Court of Appeals defined a "chose in action" to include only those "rights of action founded on contracts, or for injuries to property, and not rights of action for torts …". Moreover, the Virginia Supreme Court, in *Boisseau v. Bass,* 100 Va. 207, 209, 40 S.E. 647 (1902), specifically excluded contingent claims as property subject to the lien under Va.Code § 8.01–501 (1977 Repl.Vol.): "a debt which has a present existence, although payable in the future, may be subjected to a lien of *fieri facias,* but not a debt which rests upon a contingency which may or may not happen, and over which the court has no control." In *Boisseau,* the Virginia Supreme Court held that the interest of an assured in a life insurance policy, which was dependent for its continued existence on voluntary payments to be made in the future, was not an interest or estate that could be reached by the lien of *fieri facias.* Accordingly, such "properties" are exempt from creditor process. Appellees' contention that *Dillard v. Collins, supra,* predates passage of and contravenes the present wording of Virginia Code §§ 8.01–546, 547, 548, and 550 is not applicable. A review of these Code sections reveals that they pertain to tangible things, not contingent and unliquidated causes of action.

■ Finally, appellees submit that the statutory scheme of Virginia Code § 8.01–66.2 et seq. (1977 Repl.Vol.), illustrates how a contingent and unliquidated personal injury claim may be subjected to creditor process. Section 8.01–66.2 imposes a lien on the claim of a person who sustains personal injuries caused by the alleged negligence of another in favor of a hospital or physician who treats the injured person. Code § 8.01–66.9 creates a similar lien for the benefit of the Commonwealth in certain

instances. However, Virginia Code § 8.01–66.11 (1977 Repl.Vol.), provides that no liability to pay these liens may exist against one alleged to have caused these injuries until the claim is reduced to settlement or judgment.

Despite appellees' contention, this court finds that Virginia Code § 8.01–66.1 et seq. represents specially created exemptions to the general rule that contingent personal injury claims are not subject to creditor process. Code § 8.01–66.2 establishes a limited lien ($500.00 in the case of a hospital, and $100.00 for each physician, nurse, or physical therapist) for professional services rendered by a hospital or physician, similar to an attorney's lien created when professional services are rendered. It is apparent that the Virginia General Assembly, realizing the immunity of contingent personal injury claims to general forms of creditor process, created a remedy for certain creditors by establishing a limited statutory lien on the proceeds of a personal injury claim. Absent such a statute, these designated creditors would be forced to collect their debts from other of the debtor's non-exempt assets.

This court's decision, to reverse the lower court, comports with the policy of the new Bankruptcy Act, to give liberal construction to exemption claims, particularly where the state has "opted out" of the federal exemption scheme. *Cheeseman v. Nachman,* 656 F.2d 60 (4th Cir.1981). In *Cheeseman* the court construed 11 U.S.C. § 522(m) to require that Virginia's statutory definition of "householder" (Virginia Code § 34.1) be interpreted to permit both spouses, rather than one spouse, to claim a homestead exemption despite the intent of the state legislature. The court stated that the "fresh start" policy of the Bankruptcy Act mandated a broad and liberal construction of debtor's exemptions. This court's ruling also comports with two recent, and factually analogous, decisions of the Bankruptcy Court holding that an unliquidated and contingent personal injury cause of action is exempt under § 522(b)(2)(A) because it is neither assignable nor subject to the reach of creditor process under Virginia law. *In re Musgrove,* 7 B.R. 892 (Bkrtcy.W.D.Va.

1981); *In re Tignor,* 21 B.R. 219 (Bkrtcy.E.D.Va.1982). In *Musgrove,* the Bankruptcy Court applied in its reasoning, "the line of authority that best comports with the underlying policies of the Bankruptcy Code and the current law on the subject in Virginia ..." in allowing the debtor to exempt a personal injury claim against his employer, brought under the Federal Employer's Liability Act.

The court's ruling renders unnecessary a review of appellants' contention that the Bankruptcy Court erred in failing to dismiss the joint objections of Jesse W. and Elizabeth F. Shepherd to appellants' claim of exempt property for failure to file within the time prescribed by local Bankruptcy Rule 4005.

Accordingly, an appropriate Order will this day enter, reversing the August 13, 1982, Memorandum Opinion and Order of the Bankruptcy Court and remanding this action to the Bankruptcy Court for further proceedings not inconsistent with this Memorandum Opinion.